### MR. PENGUIN TUXEDO RENTAL & SALES, INC., Appellant,

### v.

### NCR CORPORATION and Sanders Bailey, Appellees.

### No. 11–89–226–CV.

Court of Appeals of Texas, Eastland.

Sept. 14, 1989.

Rehearing Denied Sept. 14, 1989.

John Weeks, Burke, Lindsey, Weeks & McDurmitt, Abilene, Richard L. Perez, Perez & McNabb, Orinda, Cal., Douglas A. Cawley, Kevin C. Nash, Johnson & Gibbs, Dallas, for appellant.

E. Lee Haag, Don Anderson, Whitten, Hacker, Hagin, Anderson & Rucker, Abilene, for appellees.

## OPINION

### PER CURIAM.

The controlling issue is whether the motion for new trial was timely filed. Mr. Penguin Tuxedo Rental & Sales, Inc. sued NCR Corporation and Sanders Bailey to recover damages Mr. Penguin allegedly incurred when a computer system it purchased from NCR failed to perform. The trial judge signed a summary judgment in favor of NCR and Bailey on March 24, 1989. Pursuant to TEX.R.CIV.P. 4 and 329b, the motion for new trial was due to be filed on or before April 24, 1989. The motion for new trial was filed by the district clerk on April 27, 1989.

It is undisputed that appellant sent the motion for new trial by way of "Federal Express" on April 19. The motion was addressed to the "Clerk For The Hon. Bill Thomas, Judge" and was received by the court administrator on April 20. However, the motion for new trial was not filed with the district clerk until April 27.

■ Appellant argues that the motion for new trial should be considered timely filed pursuant to TEX.R.CIV.P. 5 and 74. TEX.R.CIV.P. 5 provides that:

[I]f a motion for new trial is *sent* to the proper clerk by *first-class United States mail* in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time; provided, however, that a legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing. (Emphasis added)

Appellant contends that the motion for new trial, which was sent via a private courier, was mailed in compliance with Rule 5. We disagree. Rule 5 specifically states that the motion for new trial must be sent by "first-class United States mail." Federal Express is not "first-class United States mail."

Appellant cites *Texas State Board of Public Accountancy v. Fulcher*, 515 S.W.2d 950 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.), to support its position. *Fulcher* is factually distinguishable. In *Fulcher*, an affidavit before the court established that the document in question had actually been deposited in the United States mail the day before the postmark was affixed. Therefore, the court found "as a fact" that the document had been timely mailed and held that the document was timely. In the case before this Court, the issue is whether the method by which the document was sent was in compliance with Rule 5, not whether the appellant has rebutted the prima facie evidence (a postmark) of the date the document was mailed.

We disagree with appellant's contention that the language "first-class United States

mail" should be expanded to include private couriers. See *Pugsley v. Commissioner of Internal Revenue,* 749 F.2d 691 (11th Cir. 1985), where the Eleventh Circuit Court of Appeals held that the language "United States mail" did not include private delivery services.

TEX.R.CIV.P. 74 provides that the motion for new trial shall be filed with "the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time." The motion for new trial was received by the court administrator. The undisputed evidence before us reflects that it was not timely filed with the district clerk and that the judge did not "permit" it to be filed with him. We disagree with appellant's contention that receipt by the court administrator constituted "filing" under Rule 74.

We hold that the motion for new trial was not timely filed. Therefore, the appeal bond was due to be filed within 30 days of the date the judgment was signed. TEX.R. APP.P. 41(a)(1). The bond in the present case was not filed until June 20, 1989, 88 days after the judgment was signed. Pursuant to TEX.R.APP.P. 40(a) and 41(a), appellant has not properly perfected an appeal.

The appeal is dismissed.