**MR. PENGUIN TUXEDO RENTAL & SALES, INC., Petitioner,**

v.

**NCR CORPORATION and Sanders Bailey, Respondents.**

No. C–9178.

Supreme Court of Texas.

April 25, 1990.

Douglas A. Cawley and Kevin C. Nash, Dallas, for petitioner.

Donald L. Anderson, Abilene, for respondents.

PER CURIAM.

Mr. Penguin Tuxedo Rental and Sales, Inc., sued NCR Corporation and Sanders Bailey. The trial court granted summary judgment for defendants. Four days before its motion for new trial was due, Mr. Penguin sent the motion by overnight Federal Express addressed to the "Clerk for the Honorable Bill Thomas, Judge", the trial judge. The next day the secretary for Mr. Penguin's counsel telephoned the court and was told that the motion had arrived. In fact, the motion did arrive that day but was delivered to the court administrator. However, the motion was not file-stamped by the district clerk until seven days later, after the deadline for filing the motion had passed. The trial court set the motion for hearing and denied it. Eighty-eight days after the summary judgment was signed, Mr. Penguin filed an appeal bond. The court of appeals dismissed the appeal, holding that the motion for new trial was not timely filed and that consequently the deadline for filing the appeal bond was thirty days from the signing of the judgment. 777 S.W.2d 800, 802.

In *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678 (Tex.1979), the appellant's petition arrived at a United States Post Office substation on the day of the filing

deadline. The postman made two regular daily deliveries from the substation unless otherwise instructed. Unbeknown to the clerk, a deputy clerk had directed the postman not to make the second regular mail delivery each day to the clerk's office. Instead, the deputy clerk waited until the following day to pick up the mail that would have been included in the second regular delivery the preceding day. As a result, the petition was not delivered to the clerk until the day after the deadline although it would have been timely delivered but for the deputy clerk's instructions to the postman. The trial court dismissed the action as not having been timely filed, and the court of appeals affirmed. This Court reversed, holding that "an instrument is deemed filed when it is placed in the custody or control of the clerk." *Id.* at 681. The Court concluded that when the petition arrived at the postal substation it "was within the effective control of the deputy district clerk, even though it was not within his actual physical possession." *Id.* The Court cited *Gonzalez v. Vaello*, 91 S.W.2d 904 (Tex.Civ.App.—San Antonio 1936, writ dism'd), which involved a courthouse janitor who had picked up at the post office before the relevant deadline a petition addressed to the clerk. The clerk, however, did not actually receive and file stamp the petition until after the deadline had passed. This Court approved the appeals court's holding in *Gonzalez* that the deadline was met, observing that "the plaintiff had done all he could to timely file the instrument". 585 S.W.2d at 681.

Likewise in the present case, Mr. Penguin timely filed its motion for new trial, which would have been timely received by the clerk but for a delay caused by a courthouse employee. Following *LaCoke*, we conclude that Mr. Penguin's motion for new trial was timely filed, and its appeal timely perfected. The court of appeals' dismissal directly conflicts with *LaCoke*. For that reason, a majority of this Court grants Mr. Penguin's application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, reverses

the judgment of the court of appeals and reinstates the appeal.