Johnson v. Whitney Sand & Gravel 






NO. 10-90-137-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          EVERETT JOHNSON, ET AL,
                                                                                            Appellants
          v.

          WHITNEY SAND AND GRAVEL, INC.,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 66th Judicial District Court
Hill County, Texas
Trial Court #28728

* * * * * * * * * * * * *

O R D E R 

* * * * * * *
          A final judgment dismissing all causes of action, including Appellants' counterclaim, was
signed on April 23, 1990, making a motion for a new trial relating to the dismissal of their
counterclaim due by May 23. See Tex. R. Civ. P. 329b(a). Appellants' prematurely filed
affidavit of inability to pay costs on appeal was deemed to have been timely filed. See Tex. R.
App. P. 41(c). Appellants contend that their motion for a new trial, which reflects a file stamp of
the Hill County District Clerk dated May 24, should be deemed timely filed as of May 23. If the
motion cannot be deemed timely filed, then the record was due by June 22. Id. at 54(a). Volume
1 of the transcript was prematurely received in this court on March 7 before a final judgment had
been signed. A supplemental transcript was marked received as of August 14.
          On August 20 Appellants filed a motion to enlarge the time within which to file the
statement of facts and a supplemental transcript. This court was unable to determine from the
record whether the apparent late filing of the motion for a new trial was caused by the Hill County
District Clerk, as Appellants contend, and, if so, whether the motion should be deemed timely
filed as of May 23, or whether the delay in the motion actually reaching the District Clerk's office
until May 24 was the fault of Federal Express, to whom counsel for Appellants had entrusted the
motion on May 22. This court thus abated the appeal on October 4 and instructed the trial court
to conduct an evidentiary hearing to determine whether the motion should be deemed timely filed
as of May 23. The trial court forwarded to this court a complete record of the hearing as well as
its findings and conclusions as summarized below.
          The trial court made its findings and conclusions after hearing the testimony of the senior
station manager of the Waco Federal Express office, the Hill County District Clerk and her office
employees, and Appellants' attorney. The representative of Federal Express testified from the
records on this particular parcel that Federal Express spoke with the recipient, the Hill County
District Clerk's office, who gave Federal Express permission to deliver it the next day. The
station manager further testified that a radio-dispatched van could have picked up the package at
the Waco facility at approximately 5:00 P.M. for delivery to Hill County. The District Clerk,
Virginia Clements, described the procedure in her office for file-marking documents that are
tendered for filing and identified the file-mark on the motion for a new trial. She had no personal
recollection of the filing of this particular document, but noted that documents are file-marked as
they are received in her office. Clements, as did her deputy clerks, testified she could not recall
receiving a phone call from a Federal Express representative requesting permission to file a
document or deliver a package the following day. Clements further testified that, had Federal
Express asked permission to make a delivery for filing after 5:00 P.M. at her home, she would
not have refused. Clements stated that she has never instructed anyone to wait until the next day
to file a document.
          The trial court found that counsel for Appellants delivered his motion for a new trial to
Federal Express for transmittal to the District Clerk on May 22, that it was missorted by Federal
Express, which is a private company and not a division of the United States Postal Service, and
that it was received by their Waco office at approximately 3:00 P.M. on May 23. Federal Express
did not contact Appellants' attorney after discovering that the motion could not be delivered during
normal business hours on May 23 but could only be delivered after 5:00 P.M.   Furthermore, the
trial court found that Federal Express called the District Clerk's office after 3:00 P.M. on May
23, was advised of the office's normal business hours, and that the District Clerk did not instruct
Federal Express to wait until May 24 to deliver the parcel, the contents of which were unknown
to either Federal Express or the District Clerk. The trial court also found that the District Clerk
will receive documents for filing during other than normal business hours, if requested, but that
no such request was made. Appellants did not request the trial court to extend the time for filing
the motion for a new trial. 
          The trial court concluded that, as a matter of law, the motion for a new trial was due in the
District Clerk's office on or before May 23 and that the one-day delay in the filing of the motion
was not caused by the District Clerk or by a courthouse employee; therefore, the motion could not
be deemed timely filed. See Tex. R. Civ. App. 4, 329b(a); Standard Fire Ins. Co. v. LaCoke, 585
S.W.2d 678, 680-81 (Tex. 1979); compare Mr. Penguin Tuxedo Rental v. NCR Corp., 787
S.W.2d 371, 372 (Tex. 1990).
          As the trial court's findings are supported by more than a scintilla of probative evidence,
the motion for a new trial cannot be deemed filed on May 23, but must be considered to have been
filed the day it was actually delivered to the District Clerk's Office, May 24. The evidence shows
that its late filing was due to no fault or conduct of the District Clerk or her staff. Thus, the
District Clerk cannot be said to have had custody or control of the motion on its due date, May
23. Id. 
          Appellants' motion to enlarge the time in which to file the statement of facts and the
supplemental transcript is denied. See Tex. R. App. P. 54(a),(c). Their motion to file the
supplemental transcript is granted. Id. at 55(b). The appeal will be submitted on the transcript
filed prematurely on March 7 and on the supplemental transcript filed August 14. Appellants filed
two affidavits of inability to pay costs on appeal, one before and after the judgment was final. 
Their motion to consolidate the "appeals" is denied, there being only one appeal that can be
perfected from the final judgment. Appellants' motion for permission to amend notices of appeal
and affidavits is dismissed as moot. Id. at 41(c).
                                                                                 PER CURIAM

Before Chief Justice Thomas, Justice
          Cummings and Justice Vance
Dismissed
Opinion delivered and filed January 31, 1991
Do not publish