IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-570-CV




WILLIAM H. MCFARLAND AND LUCILLE MCFARLAND,



 RELATORS


vs.





HONORABLE DANA DEBEAUVOIR, COUNTY CLERK


OF TRAVIS COUNTY, TEXAS,



 RESPONDENT


 



ORIGINAL PROCEEDING FROM TRAVIS COUNTY


 




PER CURIAM



 Relators William H. McFarland and Lucille McFarland have a filed a motion for
leave to file a petition for writ of mandamus and tendered a petition to this Court. See Tex. Gov't
Code Ann. § 22.221(a), (b) (West 1988); Tex. R. App. P. 121. The McFarlands request this
Court to order respondent, the Honorable Dana DeBeauvoir, County Clerk of Travis County,
Texas, to prepare a transcript in the appeal underlying this original proceeding for filing with the
Clerk of this Court. We will dismiss the motion for leave to file as moot.

 The McFarlands perfected the underlying appeal from the probate court of Travis
County when they tendered their cost bond on appeal to the county clerk of Travis County on June
9, 1992. Tex. R. App. P. 4(b), 41(a); see McFarland v. Heath, No. 3-92-315-CV (Tex.
App.--Austin Sept. 16, 1992) (not designated for publication). The county clerk returned the cost
bond because the McFarlands had not enclosed a filing fee. See Tex. Loc. Gov't Code Ann. §
118.052(2)(B) (West Supp. 1993). The McFarlands again tendered the cost bond with the filing
fee as requested.

 On June 29, 1992, the county clerk responded, "We are returning the enclosed
document(s) because we have not received the necessary . . . fee of $1000.00***." The
explanatory note states, "*** The Probate Court normally requires the Cost Bond on Appeal to
be in the form of a Cashiers or Firm Check." The clerk did not indicate that the McFarlands'
sureties were insufficient or that the cost bond was deficient for any other reason. See Tex. R.
App. P. 46(a).

 Subsequently, the McFarlands filed their motion for leave to file petition for writ
of mandamus in this Court. The McFarlands assumed that the county clerk would prepare the
transcript on the basis of our opinion of September 16, 1992, although the county clerk had not
yet filed their cost bond on appeal. In our opinion, this Court determined that the McFarlands
timely perfected an appeal when their cost bond was first "in custody or control of the clerk." 
McFarland, slip op. at 2-3; see Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp., 787
S.W.2d 371, 372 (Tex. 1990). To resolve the stalemate, this Court requested the McFarlands
again to tender a cost bond on appeal to the county clerk of Travis County. The clerk accepted
the cost bond December 7, 1992, and delivered the transcript on January 6, 1993.

 For the reasons stated, we dismiss the McFarlands' motion for leave to file petition
for writ of mandamus as moot and tax the cost of this proceeding against respondent Dana
DeBeauvoir, County Clerk of Travis County, Texas. We decline to award the McFarlands their
attorney's fees as requested in the motion and petition for writ of mandamus.





[Before Chief Justice Carroll, Justices Jones and Kidd]

Motion for Leave to File Petition for Writ of Mandamus Dismissed

Filed: January 20, 1993

[Do Not Publish]