**Reynaldo RAMIREZ and Irma Ramirez, Appellants,**

v.

**GET "N" GO # 103, J & E Oil, Inc., and Slaughter Realty Company, Appellees.**

**No. 13–93–622–CV.**

Court of Appeals of Texas, Corpus Christi.

July 29, 1994.

Craig S. Smith, Donald B. Edwards, Smith & Edwards, Corpus Christi, for appellants.

Robert L. Guerra, J. Michael Moore, Thornton, Summers, Biechlin & Dunham, McAllen, Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, W. Wendell Hall, Renee A. Forinash, Edward F. Valdespino, Steven D. Jansma, Fulbright & Jaworski, San Antonio, for appellees.

### OPINION ON MOTION

PER CURIAM. .

Appellees move to dismiss the present appeal on the ground that it was not timely perfected. They contend that the appellants' motion for new trial was ineffective to extend the time for perfecting appeal because it was not accompanied by the required filing fee. We hold that the present appeal has been properly perfected and accordingly overrule the motion to dismiss.

The trial court signed a final judgment on July 7, 1993. Appellants timely tendered their motion for new trial to the district clerk on July 23, 1993, but did not tender the required $15.00 filing fee. Nevertheless, the district clerk accepted and filestamped the motion at that time without requesting the fee. The motion for new trial was overruled by operation of law on September 20, 1993, still without the required fee having been paid to the clerk. Appellants then attempted to perfect their appeal by filing an appeal bond on September 23, 1993, relying on the extended 90–day period allowed for perfection following the filing of a motion for new trial. *See* Tex.R.App.P. 41(a). Appellants only recently paid the required fee to the district clerk on June 21, 1994, upon learning of the jurisdictional challenge raised by the appellees.

Appellees contend that the appellants' failure to pay the required fee invalidates the filing of their motion for new trial for purposes of extending the time to perfect appeal. That portion of the government code concerning the duties of district clerks provides that "[t]he district clerk shall collect at the time the suit or action is filed the fees provided by Subsection (b) of this section for services performed by the clerk." Tex.Gov't Code Ann. § 51.317(a) (Vernon 1988). Subsection (b) then lists the fees for a number of different types of filings, including a $15.00 fee for filing a motion for new trial. Tex. Gov't Code Ann. § 51.317(b) (Vernon Supp. 1994).

The few cases that have considered the effect on the appellate deadlines of a failure to pay the required filing fee for a motion for new trial have relied upon the rule that a document is deemed "filed" when it is tendered to the clerk, or otherwise put under the custody or control of the clerk. *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993) (per curiam); *Arndt v. Arndt,* 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ) (per curiam); *see also Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 372 (Tex.1990) (per curiam); *Standard Fire Ins. Co. v. La-Coke,* 585 S.W.2d 678, 681 (Tex.1979).

In *Jamar,* the Texas Supreme Court allowed the filing to extend the appellate deadline even without the concurrent payment of the required fee, under the following rationale:

> [Rule 329b(a) concerning the time for filing a motion for new trial] does not

define "filed." It is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule.

*Id.* at 319. Accordingly, the court in *Jamar* held that a motion for new trial is conditionally filed when tendered to the clerk, even though the clerk purports not to "accept" it for failure to pay the filing fee, and that the date of conditional filing controls for appellate purposes.

However, unlike the present case, in both *Jamar* and *Arndt* the appellant paid the filing fee before the motions were acted upon or overruled by the trial court, which both courts held to be significant.

In *Arndt*, the filing fee was paid only three days after the motion was filed. However, the Houston court suggested that the motion might not have acted to extend the appellate timetables if the required fee had not been paid before the motion was heard or overruled. *Id.* at 282–83.

In *Jamar*, appellant paid the filing fee beyond the 30–day period for filing the motion but before such motion had been acted upon or overruled. Accordingly, the court in *Jamar* concluded that "[t]he [conditional] filing is not completed until the fee is paid, and absent emergency or other rare circumstances, the court should not consider it before then." *Jamar v. Patterson,* 868 S.W.2d 318, 319 n. 3 (Tex.1993) (per curiam).

The *Jamar* court, however, failed to state what exactly it meant by the concept of "conditional filing." We think it significant that *Jamar* did not even cite *Arndt* or otherwise indicate its agreement with the dicta in *Arndt* to the effect that the trial court's hearing or overruling of the motion before payment might affect appellate deadlines.

Rather, we would interpret the "conditional" nature of the filing as a matter which does not affect appellate deadlines, but which does affect the trial court's discretion to hear and determine the motion. If the movant fails to pay the required fee, the trial court should refuse to consider the motion, as suggested by *Jamar.* While this may then amount to a waiver of the specific grounds raised in the motion for new trial,[1] we do not believe that it should retroactively invalidate the filing of that motion for purposes of the appellate deadlines and appellate court jurisdiction.

Accordingly, we DENY appellees' motion to dismiss the appeal.

---

1. A question which we do not presently address because it is irrelevant to our jurisdiction over the appeal. Nor do we reach appellees' argument concerning the need for the district clerk to present a bill for the fees in question before payment may be required. *See* Tex.Gov't Code Ann. § 51.320 (Vernon 1988).