John Jay **STOKES**, Jr.; Gem Stokes; and Stokes Properties, Inc., Appellants,

v.

**ABERDEEN INSURANCE COMPANY** and Highlands Insurance Company, Appellees.

No. 03–94–00543–CV.

Court of Appeals of Texas, at Austin.

Feb. 8, 1995.

John G. Emerson, Jr., Whittington, Pfeiffer & Vacek, Houston, Pamela Stanton Baron, Austin, for appellants.

Bradley K. Douglas, Wright & Greenhill, P.C., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

Appellants John Jay Stokes, Jr.; Gem Stokes; and Stokes Properties, Inc. ("Stokes") perfected an appeal from the district court order dismissing their claims against appellees Aberdeen Insurance Company and Highlands Insurance Company. On receipt of the transcript, the Clerk of this Court notified Stokes that the motion for new trial was filed untimely and, therefore, Stokes had not timely perfected the appeal. *See* Tex.R.App.P. 56(a). Stokes submitted a motion to permit the filing of the transcript and statement of facts asserting that the motion for new trial was timely; appellees have submitted a motion to dismiss the appeal asserting that the motion for new trial was not timely. We will dismiss the appeal for want of jurisdiction.

A motion for new trial was due to be filed in the underlying cause on July 18, 1994. Tex.R.Civ.P. 329b(a). The district clerk of Travis County filed Stokes' motion for new trial on July 19. Stokes asserts the motion was timely pursuant to Texas Rule of Civil Procedure 5, which provides:

If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

*See* Tex.R.App.P. 4(b).[1] Attached to the motion to permit filing are the affidavits of three members of Stokes' counsel's staff. *See* Tex.R.App.P. 19(d). The affidavits show: (1) on July 18, a secretary placed a duplicate of the motion for new trial "in an envelope addressed to the Court at 1000 Guadalupe Street, Austin, Texas 78701"; (2) she placed the envelope in the law firm's mailroom; (3) on July 18, a second staff person processed an envelope containing the motion for new trial "addressed to the Travis County Courthouse located at 1000 Guadalupe Street, Austin, Texas 78701"; (4) she placed the correct first-class postage on the envelope and placed the envelope in the proper location to be taken to a United States mailbox; and (5) on July 18, a third staff person took the mail, including the envelope with the motion for new trial, from the mailroom and deposited the mail into a United States mailbox before the last pickup on July 18.

Appellees respond that the affidavits show that Stokes did not comply with Rule 5: the motion for new trial was not sent to the proper clerk in a properly-addressed envelope. Furthermore, the affidavit of a Travis County deputy clerk establishes that, on July 19, she received a Federal Express delivery that contained Stokes' motion for new trial which she accepted for filing. The affidavit continues, "Judge Margaret Cooper never transmitted the [Stokes] Motion for New Trial, or any copies of the [Stokes] Motion for New Trial, to the Travis County District Clerk's office." None of the proof that accompanies the motions establishes when the mailed motion for new trial may have arrived at the Travis County courthouse.

■ Stokes timely filed the motion for new trial if he complied with the "mailbox" provisions of Rule 5.[2] However, Stokes sent the document that the district clerk filed on July 19 by Federal Express, a private courier service. Rule 5 does not enlarge the time for filing a document sent by private courier. *Carpenter v. Town & Country Bank*, 806 S.W.2d 959, 960 (Tex.App.—Eastland 1991, writ denied); *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 777 S.W.2d 800, 801 (Tex.App.—Eastland 1989), *rev'd on other grounds*, 787 S.W.2d 371 (Tex.1990).

■ A second or duplicate motion for new trial was sent by first class United States mail but was addressed either to the "Court" or "Travis County Courthouse" and not delivered to the district clerk. Rule 5 requires that a document be "sent to the proper clerk ... in an envelope ... properly addressed...." Furthermore, Texas Rule of Civil Procedure 74 provides:

> The filing of pleadings ... shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with [her], in which event [she] shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

A document is "filed" when it is tendered to the clerk or otherwise put under the clerk's custody or control. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 681 (Tex.1979).

■ The only document that was clearly under the clerk's control or custody was the motion for new trial delivered to the clerk on July 19. Stokes has not shown that the duplicate motion mailed on July 18 ever reached the clerk or the Travis County courthouse. This case is distinguishable from those cases in which a diligent party would have been penalized by the errors or omissions of court staff. *See Mr. Penguin Tuxedo*, 787 S.W.2d at 372 (motion for new trial could have reached clerk timely but for delay of courthouse employee); *LaCoke*, 585 S.W.2d at 680–81 (original petition would have been timely file-marked but for fact that district clerk had instructed postman not

1. Texas Rule of Appellate Procedure 4(b) provides:
   > If ... any matter relating to taking an appeal ... is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed as filed in time....

2. Texas Rule of Civil Procedure 5 additionally provides, "The court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules."

to deliver mail; petition was in clerk's "effective control"); *see also Moore v. State*, 840 S.W.2d 439, 441 (Tex.Crim.App.1992) (appeal bond addressed to bond forfeiture clerk was not improperly addressed because sufficiently specific to be timely received at proper place).

Stokes argues alternatively that he did not receive notice of the date the judgment was signed until after July 18 and, therefore, the time for filing a motion for new trial began to run on that date. The time within which to file a motion for new trial runs from the date an adversely affected party or his attorney receives notice or acquires actual knowledge of the judgment if, within twenty days after a judgment is signed, the party or attorney has not received notice from the trial court clerk or acquired actual knowledge of the signing of the judgment. Tex.R.Civ.P. 306(a)(4); *Vineyard Bay Dev. Co. v. Vineyard on Lake Travis*, 864 S.W.2d 170, 171 (Tex.App.—Austin 1993, writ requested); *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 414 (Tex.App.—Austin 1990, writ denied). The trial court clerk is required to notify the parties not only of the signing of the judgment but also of the date the judgment was signed. Tex.R.Civ.P. 306a(3); *Winkins v. Frank Winther Invs., Inc.*, 881 S.W.2d 557, 558 (Tex.App.—Houston [1st Dist.] 1994, no writ h.); *but see St. Louis Fed. Sav. & Loan Ass'n v. Summerhouse Joint Venture*, 739 S.W.2d 441, 442 (Tex.App.—Corpus Christi 1987, no writ).

Stokes asserts in the motion to permit filing, supported by his affidavit, that the notice received from the district clerk stated that the trial court signed the judgment on June 19 and that he did not learn of the correct date of signing, June 16, until several weeks after July 18 when preparing the appeal bond. To benefit from Rule 306a and enlarge the time within which to file a motion for new trial, Stokes had "to prove, *in the trial court, on sworn motion and notice,* the date on which he received notice or acquired actual knowledge of the signing of the judgment." Tex.R.App.P. 306a(5) (emphasis added); *Vineyard Bay Dev. Co.*, 864 S.W.2d at 170. Rule 306a clearly places the burden on

Stokes to establish its applicability to his proceeding. *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 813 (Tex.App.—Dallas 1994, no writ h.). Stokes, therefore, had to make a prima facie showing, *in the trial court,* of the rule's applicability to determine the date on which he first learned of the correct date of signing of the judgment. *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding); *Vineyard Bay Dev. Co.*, 864 S.W.2d at 172; *see* Tex.R.App.P. 5(b)(5) (trial court shall include finding as to date in its order).

Stokes did not raise the issue of the date on which he received notice of date of signing in his motion for new trial or in a separate motion. He may not raise the issue in this Court for the first time. *See Sur v. R.W. Otts, Inc.*, 800 S.W.2d 647, 648 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

Because Stokes did not timely file the motion for new trial, he must have perfected the appeal no later than July 18. Tex.R.App.P. 41(a). Stokes filed an appeal bond on September 13. Accordingly, this Court is without jurisdiction over the appeal. *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978); *Willis v. Texas Dep't of Corrections*, 834 S.W.2d 953, 953 (Tex.App.—Tyler 1992, no writ). We overrule Stokes' motion to permit the filing of the transcript and statement of facts or, in the alternative, motion to remand to trial court to determine date of judgment and grant appellees' motion to dismiss.

The appeal is dismissed for want of jurisdiction.