Olivas v. Jackson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00715-CV







Eujenia Olivas, Individually and as Next Friend of Ignacio Olivas, Appellant
 


vs.



Ron Jackson, Executive Director, Texas Youth Commission;


Steve Robinson, Executive Director, Texas Youth Commission;


Ed White, Assistant Executive Director, Support Services Division,


Texas Youth Commission; and Patricia A. Carter,


Supervisor at Turman House, Texas Youth Commission, Appellees









FROM THE DISTRIC COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-04573, HONORABLE STEVE RUSSELL, JUDGE PRESIDING







PER CURIAM


 Appellant Eujenia Olivas, individually and as next friend of Ignacio Olivas, moves this
Court to deem her appeal timely perfected or, alternatively, to extend the time to perfect appeal. 
Appellees Ron Jackson, Executive Director, Texas Youth Commission; Steve Robinson,
Executive Director, Texas Youth Commission; Ed White, Assistant Executive Director, Support
Services Division, Texas Youth Commission; and Patricia A. Carter, Supervisor at Turman
House, Texas Youth Commission (collectively "Jackson") move to deny Olivas' motion.

 Olivas attempts to appeal a summary judgment the district court signed on October 3,
1994. Within thirty days after the judgment was signed, Olivas filed her affidavit of inability to
pay costs on appeal. Tex. R. App. P. 40(a)(3)(A), 41(a)(1). The trial court sustained Jackson's
contest to Olivas' affidavit on November 18, and to perfect an appeal, Olivas was required to file
an appeal bond or deposit cash by November 28. Tex. R. App. P. 41(a)(2). The clerk's
certificate of cash deposit states, however, that Olivas deposited cash on November 29.

 In support of her motion to deem the appeal timely perfected, Olivas relies on the "mailbox
rule" contained in Texas Rule of Appellate Procedure 4. See also Tex. R. Civ. P. 5. Under this
rule, a perfecting instrument that is sent to the proper clerk "by first-class United States mail" in
a properly stamped and addressed envelope, that is deposited in the mail by the last day for filing,
and that is received by the clerk not more than ten days tardily, shall be deemed timely filed. 
Tex. R. App. P. 4(b); Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); see Tex. R. Civ. P.
5. The transcript in this cause contains a letter dated November 27 that was sent with the cash
deposit; it also contains a copy of a United Parcel Service shipping document that apparently
accompanied the letter and cash deposit. Further, Olivas has attached to her motion the affidavit
of a paralegal with her attorney's firm who attests that she deposited a $1,000 cashier's check into
a United Parcel Service pick-up box on November 28.

 To obtain the benefit of the enlarged time for filing her cash deposit, Rule 4 plainly
required Olivas to send her deposit by the United States mail. Sending the cash deposit by United
Parcel Service, a private courier, did not entitle Olivas to the enlargement of time. See Carpenter
v. Town & Country Bank, 806 S.W.2d 959, 960 (Tex. App.--Eastland 1991, writ denied)
(construing Texas Rule of Civil Procedure 5); Mr. Penguin Tuxedo Rental & Sales v. NCR Corp.,
777 S.W.2d 800, 801 (Tex. App.--Eastland 1989), rev'd on other grounds, 787 S.W.2d 371 (Tex.
1990). Because Olivas did not meet its terms, Rule 4 cannot be used to render Olivas' cash
deposit timely.

 Olivas alternatively requests this Court to extend the time to perfect her appeal. A request
to extend the deadline for perfecting appeal must be filed with this Court within fifteen days after
the perfecting instrument was due. Tex. R. App. P. 41(a)(2). Although the fifteen-day grace
period elapsed on December 13, Olivas did not file her extension motion until December 21. This
Court has no jurisdiction to consider an extension motion filed more than fifteen days after the
perfecting instrument was due. Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex.
App.--Houston [1st Dist.] 1992, no writ); see B. D. Click Co. v. Safari Drilling Corp., 638
S.W.2d 860, 862 (Tex. 1982).

 We therefore overrule Olivas' motion to deem the appeal timely perfected or extend time
to perfect appeal. Jackson's motion to deny Olivas' motion is dismissed. Because we are without
jurisdiction when an appeal is not timely perfected, we dismiss the appeal for want of jurisdiction. 
Fite v. Johnson, 654 S.W.2d 51, 53 (Tex. App.--Dallas 1983, no writ).


Before Justices Powers, Aboussie and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: February 8, 1995

Do Not Publish