NO. 12-03-00257-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


OLIVER J. LEWIS,                                           §     APPEAL FROM THE 349TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

SUSAN PERRYMAN, ET AL.,
APPELLEES                                                      §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Oliver J. Lewis (“Lewis”), an inmate in the Texas Department of Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against Susan
Perryman (“Perryman”), Gracelia R. Ramos (“Ramos”), and Dorethea L. Dudley (“Dudley”). Lewis
appeals the trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies
Code, section 14.003. Lewis raises five issues on appeal. We lack jurisdiction over certain issues
Lewis raises. As to Lewis’s remaining issue, we reform and, as reformed, affirm.

Background
            Lewis is an inmate. While incarcerated, Lewis filed a civil suit against Perryman, a TDCJ
warden, and correctional officers Ramos and Dudley (collectively “Appellees”). In his suit, Lewis
alleges that Appellees wrongfully confiscated his photo album in violation of his right to due
process. By his suit, Lewis sought actual damages from Appellees in the amount of fifty dollars and
punitive damages in the amount of one hundred dollars. In conjunction with his original petition,
Lewis also filed a declaration of previous lawsuits, in which he designated two previously-filed
actions and one pending action, but did not describe in detail the facts giving rise to each of the
suits.



            On July 17, 2003, without conducting a hearing, the trial court found that Lewis’s suit was
frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and Remedies
Code section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his fifth issue, Lewis argues that the trial court's dismissal was improper. We review the
trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion
if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706–07
(Tex.1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem.Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Lewis filed a declaration listing
previous lawsuits filed, but failed to set forth in detail the “operative facts” upon which relief was
sought in each suit. Without a detailed description of the operative facts surrounding Lewis's
previous lawsuits, the trial court was unable to consider whether Lewis's current claim was
substantially similar to his previous claims. See Bell v. Texas Dep't. of Criminal Justice--Inst. Div.,
962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).
            The Beaumont Court of Appeals addressed a similar issue in White v. State, 37 S.W.3d 562
(Tex. App.–Beaumont 2001, no writ). In White, the court held that “White’s description of the
‘operative facts’ in each prior suit is, in effect, a designation of a legal theory, not a statement of the
‘operative facts’ of the case.” Id. at 564. The court continued, “[B]ased on the listing [White] has
submitted, it is impossible for the trial court to determine for example, whether the five suits labeled
as ‘due process violations’ are duplicative of the present case.” Id. Here, Lewis failed to offer any
description of operative facts underlying his prior suits, thereby wholly failing to enable the trial
court to determine, in each case, if his present action is substantially similar to his previous lawsuits.
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. However, when
an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's suit,
it should consider whether the suit was dismissed with prejudice and if so, determine whether the
inmate's error could be remedied through more specific pleading. See Thomas v. Skinner, 54
S.W.3d 845, 847 (Tex. App.–Corpus Christi 2001, pet. denied). In the present case, the record
reflects that Lewis’s failure to comply with chapter 14 could have been remedied by amendment of
his pleadings. Therefore, we hold that the trial court's order dismissing Lewis’s lawsuit with
prejudice was improper. Id. The trial court’s order will be reformed to reflect a dismissal of 
Lewis’s lawsuit “without prejudice.” As a dismissal “without prejudice,” we hold that the trial
court’s order does not amount to an abuse of discretion. Id. Lewis’s fifth issue is overruled.

Failure to Accept Original Petition for Filing
            In his issues one, two, three, and four, Lewis contends that the District Clerk erred in twice
refusing to file his original petition. The district clerk has a duty to accept and file all pleadings
presented for filing. In re Bernard, 993 S.W.2d 453, 454 (Tex. App.–Houston 1999, no pet.)
(O’Connor, J. concurring); see Tex. R. Civ. P. 24. In a long line of cases, the Texas Supreme Court
has held that a document is considered “filed” when it is tendered to the clerk or otherwise put under
the custody or control of the clerk. Id.; see Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993);
Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp., 787 S.W.2d 371, 372 (Tex. 1990); Biffle
v. Morton Rubber Indus., Inc., 785 S.W.2d 143, 144 (Tex. 1990). Thus, Lewis’s original petition
to the district court is deemed filed as of the date it was delivered by mail to the district clerk’s
office, even though the clerk refused to accept it for filing. See Mr. Penguin, 787 S.W.2d at 372;
Standard Fire Ins. Co. v. LaCoke, 585 S.W.2d 678, 680 (Tex. 1979); Bernard, 993 S.W.2d at 454.


            When pleadings are tendered to the district clerk for filing, they are deemed filed; the district
clerk must accept them for filing. Bernard, 993 S.W.2d at 454 (emphasis in original). Any ruling
regarding the propriety of pleadings must be made by the district judge, not by the clerk. Id. Only
the district judge can decide that a pleading is not in its correct form; the clerk cannot make that
determination. Id. If the judge decides a pleading is not accompanied by the necessary attachments
or is defective for some other reason, the judge must give the party a chance to correct the problem
by amendment or supplementation. Id. These same rules apply to inmate litigation. Id.  Nothing
in Texas Civil Practice and Remedies Code chapter 14 permits a district clerk to refuse to accept an
inmate’s petition for filing because it is not accompanied by the correct supporting documentation. 
Id. 
            In the case at hand, the District Clerk’s letter to Lewis indicates that she received his original
petition on June 5, 2003. Therefore, Lewis’s pleadings are deemed filed with the District Clerk as
of this date.


 However, the question remains whether we have jurisdiction to grant the relief Lewis
seeks by reversing a decision of a district clerk. Irrespective of the fact that the District Clerk’s act
violates the Texas Rules of Civil Procedure, we conclude that we lack jurisdiction, in the instant
case, to act. 
            The jurisdiction of this court of appeals is, except where otherwise specially provided,
appellate only. Tex. Govt. Code Ann. § 22.220(a) (Vernon 2004); see also Thorp Springs
Christian College v. Dabney, 37 S.W.2d 193, 196 (Tex. Civ. App.–Fort Worth 1931, no writ). The
scope of our appellate jurisdiction is limited to review of decisions by a lower court. See United Am.
Ins. Co. v. McPhail, 435 S.W.2d 624, 625–26 (Tex. Civ. App.–Tyler 1968, no writ); see also
Walker v. Koger, 131 S.W.2d 1074, 1074 (Tex. Civ. App.–Eastland 1939, writ dism’d) (The subject
matter of an assignment of error is some ruling or action of the court). Here, since Lewis complains
of an act by the District Clerk rather than an act of the trial court, we are without jurisdiction over
the matter.





Conclusion
            Lewis’s issues one, two, three, and four are dismissed for want of jurisdiction. The trial
court’s dismissal of Lewis’s suit with prejudice was improper. We reform the trial court's order of
dismissal by deleting the words “with prejudice” and substituting in their place the words “without
prejudice.” Having overruled Lewis’s issue five, we affirm the trial court’s dismissal order as
reformed.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.














(PUBLISH)














COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
OCTOBER 29, 2004
 
NO. 12-03-00257- CV
 
OLIVER J. LEWIS,
Appellant
V.
SUSAN PERRYMAN, ET AL.,
Appellees





 Appeal from the 349th Judicial District Court
 of Anderson County, Texas. (Tr.Ct.No. 5189)
 

 

 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that the trial court's order should be
Reformed and as Reformed, Affirmed in part and Dismissed for Want of Jurisdiction in
part.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the trial court’s
order of dismissal of Oliver L. Lewis’s suit with Prejudice was Improper. We reform
the trial court's Order of Dismissal by Deleting the Words “With Prejudice” and
Substituting in their Place the Words “Without Prejudice” and, as Reformed,
Affirm. It is further ORDERED, ADJUDGED and DECREED that Appellant’s issues
One, Two, Three and Four Relating to the Actions of the District Clerk be
Dismissed for Want of Jurisdiction and that this decision be certified to the court below for
observance.
                                    James T. Worthen, Chief Justice.
                                    Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



THE STATE OF TEXAS
M A N D A T E
TO THE 349TH JUDICIAL DISTRICT COURT OF ANDERSON COUNTY, GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 29th
day of October, 2004, the cause upon appeal to revise or reverse your judgment between
 
OLIVER J. LEWIS, Appellant
 
NO. 12-03-00257-CV and Tr. Ct. Case Number 5189
 
Opinion by Chief Justice James T. Worthen.
 
SUSAN PERRYMAN, ET AL., Appellees

was determined; and therein our said Court made its order in these words:
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that the trial court's order should be
Reformed and as Reformed, Affirmed in part and Dismissed for Want of Jurisdiction in
part.

            It is therefore ORDERED, ADJUDGED and DECREED that the trial court’s order of
dismissal of Oliver L. Lewis’s suit with Prejudice was Improper. We reform the trial
court's Order of Dismissal by Deleting the Words “With Prejudice” and
Substituting in their Place the Words “Without Prejudice” and, as Reformed,
Affirm. It is further ORDERED, ADJUDGED and DECREED that Appellant’s issues
One, Two, Three and Four Relating to the Actions of the District Clerk be
Dismissed for Want of Jurisdiction and that this decision be certified to the court below for
observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk