IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00027-CV

 

In re
Michael Speed

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          Michael Speed has filed a “Notice of
Appeal” seeking review in this Court of “the refusal of the District Clerk of
the 52nd District Court of Coryell County, Texas to file appellants original
pro se Action Under Title 42 U.S.C. Section 1983.”  Speed apparently wants this
Court to require the district clerk to file his lawsuit.  Therefore, we
construe Speed’s “Notice of Appeal” as a mandamus petition.[1] 
See Powell v. Stover, 165 S.W.3d 322, 324 n.1 (Tex. 2005) (orig.
proceeding); Bielamowicz v. Cedar Hill Indep. Sch. Dist., 136 S.W.3d 718,
719-20 (Tex. App.—Dallas 2004, pet. denied); see also In re D. Wilson Const.
Co., 196 S.W.3d 774, 784 (Tex. 2006) (orig. proceeding) (Brister, J.,
concurring) (“When this and other Texas appellate courts decide that an appeal
or other pleading should have been pursued by mandamus, we do not generally
toss out the appeal or require it to be done twice; instead, we treat the
improper appeal as a proper mandamus.”).

          However, this Court does not have
jurisdiction to issue a writ of mandamus against a district clerk unless
necessary to enforce our jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(a), (b) (Vernon 2004); In re
 Washington, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding) (per curiam); see also HCA Health Servs. of Tex., Inc. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992) (orig. proceeding) (per curiam); In re
Simpson, 997 S.W.2d 939, 939 (Tex. App.—Waco 1999, orig. proceeding) (per
curiam).

          Rather, the correct procedure to be
followed in this situation was explained by Justice O’Connor in a concurring
opinion in In re Bernard.  993 S.W.2d 453 (Tex. App.—Houston [1st Dist.]
1999, orig. proceeding) (per curiam).

          The district clerk has a duty to
accept and file all pleadings presented for filing.  In a long line of cases,
the Texas Supreme Court has held that a document is considered “filed” when it
is tendered to the clerk or otherwise put under the custody or control of the
clerk.  Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993); Mr.
Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp., 787 S.W.2d 371, 372 (Tex. 1990); Biffle v. Morton Rubber Indus., Inc., 785 S.W.2d 143, 144 (Tex. 1990).  Thus, Bernard’s petition to the district court for writ of mandamus was filed
as of the date it was delivered by mail to the district clerk’s office, even
though the clerk refused to accept it for filing.  Mr. Penguin, 787
S.W.2d at 372; Standard Fire Ins. Co. v. LaCoke, 585 S.W.2d 678, 680 (Tex. 1979).

 

          When pleadings are tendered to the
district clerk for filing, they are deemed filed; the district clerk must
accept them for filing.  Any ruling regarding the propriety of pleadings must
be made by the district judge, not by the clerk.  Only the district judge can
decide that a pleading is not in its correct form; the clerk cannot make that
determination.  If the judge decides a pleading is not accompanied by the
necessary attachments or is defective for some other reason, the judge must
give the party a chance to correct the problem by amendment or
supplementation.  Even the judge may not strike a pleading because it is
incomplete without giving the party an opportunity to correct the defect.

 

          These same rules apply to inmate
litigation.  Nothing in Texas Civil Practice Remedies Code chapter 14,
concerning inmate litigation, permits a district clerk to refuse to accept an
inmate’s petition for filing because it is not accompanied by the correct
supporting documentation.

 

          When a district clerk refuses to
accept a pleading presented for filing, the party presenting the document may
seek relief by filing an application for writ of mandamus in the district
court.  Tex. Gov’t Code §
24.011.  However, that is not likely to help the relator here.  If the district
clerk refused to file a writ of mandamus against the prison official, the
district clerk is not likely to accept a writ of mandamus filed against her
office.

 

          When a district clerk refuses to
accept a pleading for filing, the party should attempt to file the pleading
directly with the district judge, explaining in a verified motion that the
clerk refused to accept the pleading for filing.  Tex. R. Civ. P. 74.  Should the district judge refuse to
accept the pleading for filing, this Court would have jurisdiction under our
mandamus power to direct the district judge to file the pleading.

 

Bernard, 993 S.W.2d at 454-55 (O’Connor, J.,
concurring).

          Because this Court does not have
jurisdiction to issue a writ of mandamus against the district clerk, we dismiss
Speed’s petition for want of jurisdiction.  See In re McAfee, 54 S.W.3d
460, 461 (Tex. App.—Waco 2001, orig. proceeding) (per curiam).

          Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998); see
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 6; Tex. Gov’t Code Ann. §§ 51.207(b),
51.941 (Vernon 2005).  Under these circumstances, we suspend the rule and order
the Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Petition dismissed

Opinion delivered and
filed March 14, 2007

[OT06]









[1]
          “Mandamus” is a “writ issued by
a superior court to compel a lower court or a government officer to
perform mandatory or purely ministerial duties correctly.”  Black’s Law Dictionary 980 (8th ed.
2004) (emphasis added).