ACCEPTED
04-15-00597-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/19/2015 4:46:46 PM
KEITH HOTTLE
CLERK

No. 04-15-00597-CV

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL CIRCUIT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/19/2015 4:46:46 PM
KEITH E. HOTTLE
Clerk

JULIA ANN HERNANDEZ

Appellant

V.

JAQUELINE R. GOEDE

Appellee

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 10
BEXAR COUNTY, TEXAS
Cause No. 2015CV00194

APPELLEE'S REPLY TO APPELLANT'S RESPONSE TO COURT'S
ORDER REGARDING TIMELINESS OF APPEAL

PATRICK C. BERNAL
State Bar No. 02208750
CLARISSA M. RODRIGUEZ
State Bar No. 24056222
DENTON NAVARRO ROCHA BERNAL HYDE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile: (210) 225-4481
COUNSEL FOR APPELLEE

This appeal results from a Motion to Dismiss filed by Jacqueline R. Goede ("Appellee") pursuant to §27.003 of the Texas Civil Practice and Remedies Code on January 30, 2015. The trial court granted the Motion and dismissed the lawsuit on May 26, 2015, pursuant to §27.005. Subsequent to the entry of the dismissal order, Julia Ann Hernandez ("Appellant") notified the undersigned via email of the filing of a Motion for New Trial on June 25, 2015. *See, Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 371–72 (Tex. 1990) (per curiam) (a document is filed when it is given into the custody of the clerk; the file stamp is prima facie evidence of the date of filing, but it is subject to rebuttal). Regardless of whether Appellant prevails on the jurisdictional issue related to the motion for new trial, Appellant untimely filed her notice of appeal as discussed further below.

## A. Appellant Did Not Comply With the Accelerated Appeal Deadlines Pursuant to Texas Civil Practice and Remedies Code Chapter 27.

Section 27.008(b) of the Texas Civil Practice and Remedies Code provides: "An appellate court shall expedite an appeal or other writ, *whether interlocutory or not*, from a trial court order on a motion to dismiss a legal action under Section 27.003..." [Emphasis added.] Rule 28.1(a) of the Texas Rules of Appellate Procedure governs accelerated appeals required by statute to be expedited. Perfection of an accelerated appeal is accomplished by filing a notice of appeal within twenty (20) days after the judgement or order is signed. See Tex. R. App. P. 28.1(b); 26.1(b). Under an accelerated appeal and pursuant to the statute,

Appellant's notice of appeal was due on June 15, 2015.

An accelerated appeal can also be perfected by filing a motion to extend time to file notice of appeal. *See,* Tex. R. App. P. 26.1(b); 26.3. Filing a motion for new trial or any other post-trial motion does not extend the timelines to perfect an accelerated appeal. *See,* Tex. R. App. P. 28.1(b). Appellant's deadline to file a motion to extend time to file a notice of appeal was June 30, 2015.

As a result of Appellant's failure to file either a notice of appeal on June 15, 2015, or a motion to extend time to file a notice of appeal on June 30, 2015, Appellant's Notice of Appeal is untimely and this appeal should be dismissed.

**B.** **Appellant Also Failed to Timely File A Notice of Appeal Under General Appellate Deadlines.**

In the alternative, Appellant failed to timely file a notice of appeal or motion to extend pursuant to the general appellate deadlines. An appeal is timely perfected within ninety (90) days after the date of the judgment. *See,* Tex. R. App. P. 26.1(a). A motion to extend time to file notice of appeal may also apply to perfect an appeal if filed within fifteen (15) days after the deadline to file the notice of appeal. *See,* Tex. R. App. P. 26.3.

Appellant's notice of appeal was due to be filed in the trial court on August 24, 2015, ninety (90) days after the trial court's Order was signed. *See,* Tex. R. App P. 26.1(a). Appellant filed a Notice of Appeal in the trial court on September 9,

3

2015 and in the Court of Appeals on September 11, 2015. Appellant's deadline to file a notice of appeal and a motion to extend time to file notice of appeal expired on September 8, 2015. *See*, Tex. R. App. P. 26.3. Appellant failed to timely file a notice of appeal and a motion to extend the deadline to file a notice of appeal in this Court; therefore, this appeal should be dismissed.

## CONCLUSION

Either by way of the expedited appellate rules as stated in Chapter 27 of the Texas Civil Practice and Remedies Code or general appellate rules related to perfecting an appeal, Appellant failed to meet the timelines to perfect her appeal. Therefore, this appeal should be dismissed in its entirety.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL
HYDE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 Facsimile
patrick.bernal@rampage-sa.com
clarissa.rodriguez@rampage-sa.com

BY: _____
PATRICK C. BERNAL
State Bar No. 02208750
CLARISSA M. RODRIGUEZ
State Bar No. 24056222
COUNSEL FOR APPELLEE

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing Motion to Dismiss on the Appellant in this action on this 19th day of October, 2015 by efile electronic service.

Chris Carmona
Law Office of Chris Carmona
P.O. Box 7137
Houston, Texas 77248

**E-FILE NOTIFICATION
AND FAX NO.: 832-460-2724**

_____
PATRICK C. BERNAL
CLARISSA M. RODRIGUEZ

5