**In re Steven BERNARD, Relator.**

No. 01–99–00297–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 1999.

Steven Bernard, Walker, Relator, pro se.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

PER CURIAM.

The relator, Steven Bernard, has filed a petition for writ of mandamus complaining that the district clerk of Walker County, Bernice Coleman, has failed and refused to file his application for writ of mandamus against prison official Kathy Maxey. We have no jurisdiction to consider the petition for writ of mandamus. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988), § 22.221(b) (Vernon Supp.1999). Thus, we deny the petition for writ of mandamus.

Justice O'CONNOR concurring.

MICHOL O'CONNOR, Justice, concurring.

Steven Bernard, the relator, filed a petition to this Court for writ of mandamus complaining that the district clerk of Walker County, Texas refused to accept for filing a petition to the district court for a writ of mandamus against prison official, Kathy Maxey. I concur with the majority that we have no jurisdiction to consider the petition for writ of mandamus against the district clerk. TEX. GOV'T CODE § 22.221(a), (b); see HCA Health Servs., Inc. v. Salinas, 838 S.W.2d 246, 248 (Tex.1992) (supreme court has no jurisdiction to mandamus district clerk); Lesikar v. Anthony, 750 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding) (mandamus authority under Tex. Gov't Code § 22.221(b) does not extend to a court reporter; jurisdiction under § 22.221(a) requires a pending proceeding). That does not mean the actions of the district clerk are correct or that the relator is without remedy.

The district clerk has a duty to accept and file all pleadings presented for filing.

In a long line of cases, the Texas Supreme Court has held that a document is considered "filed" when it is tendered to the clerk or otherwise put under the custody or control of the clerk. Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex.1993); Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp., 787 S.W.2d 371, 372 (Tex. 1990); Biffle v. Morton Rubber Indus., Inc., 785 S.W.2d 143, 144 (Tex.1990). Thus, Bernard's petition to the district court for writ of mandamus was filed as of the date it was delivered by mail to the district clerk's office, even though the clerk refused to accept it for filing. Mr. Penguin, 787 S.W.2d at 372; Standard Fire Ins. Co. v. LaCoke, 585 S.W.2d 678, 680 (Tex.1979).

When pleadings are tendered to the district clerk for filing, they are deemed filed; the district clerk **must** accept them for filing. Any ruling regarding the propriety of pleadings must be made by the district judge, not by the clerk. Only the district judge can decide that a pleading is not in its correct form; the clerk cannot make that determination. If the judge decides a pleading is not accompanied by the necessary attachments or is defective for some other reason, the judge must give the party a chance to correct the problem by amendment or supplementation. Even the judge may not strike a pleading because it is incomplete without giving the party an opportunity to correct the defect.

These same rules apply to inmate litigation. Nothing in Texas Civil Practice Remedies Code chapter 14, concerning inmate litigation, permits a district clerk to refuse to accept an inmate's petition for filing because it is not accompanied by the correct supporting documentation.

When a district clerk refuses to accept a pleading presented for filing, the party presenting the document may seek relief by filing an application for writ of mandamus in the district court. TEX. GOV'T CODE § 24.011. However, that is not likely to help the relator here. If the district clerk

refused to file a writ of mandamus against the prison official, the district clerk is not likely to accept a writ of mandamus filed against her office.

When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. TEX.R. CIV. P. 74. Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading.