___

 

 

 

 

                           NUMBER 13-05-00454-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

                        IN RE CARL DOUGLAS HAYES

__________________________________________________________________

 

                      On Petition for Writ of
Mandamus ___________________________________________________________________

 

                     MEMORANDUM OPINION

 

       Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez 

                            Per Curiam Memorandum Opinion[1]

 








Relator, Carl Douglas
Hayes, an inmate presently incarcerated at the Allred Unit of the Texas
Department of Criminal Justice‑Institutional Division at Iowa Park,
Texas, has filed a pro se petition for writ of mandamus.  Relator asks this Court to compel District
Clerk Charles Bacarisse[2]
to file his petition alleging a tort claim action against Douglas Dretke, the
director of the Texas Department of Criminal Justice, and the Pardon and
Paroles Division.  Relator contends his
petition was misfiled in federal court. 
We conclude, however, that we do not have jurisdiction to do so.  See Tex.
Gov't Code Ann. ' 22.221(a), (b)
(Vernon 2004) (governing the scope of the mandamus power of a court of
appeals); In re Washington, 7 S.W.3d 181, 182 (Tex. App.‑Houston
[1st Dist.] 1999, orig. proceeding) (providing court of appeals has no
jurisdiction to issue a writ of mandamus against a district clerk unless such
is necessary to enforce its jurisdiction); see also Tex. Gov't Code Ann. ' 24.011 (Vernon 2004)
(governing scope of the mandamus power of a district court); In re Steven
Bernard, 993 S.W.2d 453, 454 (Tex. App.BHouston [1st Dist.] 1999, orig. proceeding) (J.
O'Connor concurring) (explaining that, pursuant to section 24.011 of the Texas
Government Code, "[w]hen a district clerk refuses to accept a pleading
presented for filing, the party presenting the document may seek relief by
filing an application for writ of mandamus in the district court.").

Moreover, appellant
complains of the actions of Charles Bacarisse but does not refer to him as the
District Clerk of Harris County.  If, in
fact, appellant is complaining of the actions of the Harris County District Clerk,
he should file this mandamus action in one of the two appellate courts located
in Houston, Texas.  See Tex. Gov't Code Ann. ' 22.221(b)(1) (Vernon
2004) (providing that each court of appeals for a court of appeals district may
issue writs of mandamus against a district judge in the court of appeals
district).

Accordingly, we
dismiss relator's petition for want of jurisdiction.

PER CURIAM

Memorandum Opinion delivered and

filed this the 22nd day of July, 2005.











[1]See Tex. R. App. P. 52.8(d) (AWhen
denying relief, the court may hand down an opinion but is not required to do
so.@); Tex. R. App. P. 47.4 (distinguishing
opinions and memorandum opinions).





[2]Charles Bacarisse is the
District Clerk of Harris County, Texas.