IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00235-CV

 

In re
Carl Long

 

and

 

No.
10-06-00239-CV

 

in re
carl long

 

 



Original Proceedings

 



DISSENTING Opinion










 

          A dismissal for want of jurisdiction is
the proper result based upon the petition and “record” as filed.

          The complaints are that the district
clerk will not file Long’s pleadings.[1]  Long
alleges this is because of an oral instruction from the district judge.[2]

          We have no jurisdiction to compel the
district clerk to act by writ of mandamus absent extraordinary and unusual
facts not present here.  In re Simpson, 997 S.W.2d 939 (Tex. App.—Waco 1999,
orig. proceeding); see Tex. Gov’t
Code Ann. § 22.221(a) (Vernon 2004).  The way to compel a district clerk
to file something or properly get that failure before us for review if the
district court is instructing the district clerk not to file something is
discussed in the concurring opinion in In re Bernard, 993 S.W.2d 453,
454-55 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (O’Connor, J.,
concurring).  The situation in Bernard is a fact pattern which is fundamentally
analogous to this proceeding.  That case is heavily relied upon by the majority
to request a response.  But the whole discussion in the concurring opinion in Bernard
was to explain why the petition was being denied without the need for a
response, and how to properly get the issue before the court for review.[3]

We are not Long’s attorney.  I see no need for anyone
to have to pay for a response when the case law clearly holds that the proper
result in this case is a dismissal of the petition for writ of mandamus for
want of jurisdiction.

For this reason, I dissent to the waste of this
Court’s resources, the taxpayer’s resources, and resources of private
citizens.  I am sure that, notwithstanding the existing case law, we can all
look forward to some new and novel rules-of-law in this otherwise well
established field when the petition is disposed of on its “merits.”  If the
majority is not going to create something new, including some arguments for
Long that he is not currently making, there is absolutely no reason to request
a response.  We should dismiss the petition and be done with it unless and
until Long properly presents the issue to us for consideration.[4]

 

                                                          TOM
GRAY

                                                           Chief
Justice

 

Dissenting
opinion delivered and filed September 27, 2006









[1]
In 10-06-00235-CV, filed July 28, 2006,
Long wants his petition against Tony Wright filed.  From the allegations in the
petition for writ of mandamus, it appears that by the pleading Long wants to
sue Wright for intrinsic fraud and fraud on the court for allegedly telling
“one lie after another” during an evidentiary hearing on a post-conviction
petition for writ of habeas corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005).  None of
the papers he allegedly sought to file were made part of a record in this
original proceeding.

 

   In 10-06-00239-CV, filed August 8, 2006, Long wants his civil
suit against Elaine and Jorja Stout filed.  The “Civil Action Complaint and
Suit” that Long attached to only one of the copies of his petition for writ of
mandamus alleges the Stouts, operating “under color of State Policy and law”
violated his “privileges and immunities.”  These witnesses allegedly failed to
appear for the above referenced 11.07 writ hearing.

 

   All of Long’s complaints ultimately relate back to an alleged
connection with a person he has identified, and had identified by the time of
his criminal trial on the merits, as the confidential informant.  This Court
was sharply divided over whether the State’s refusal to identify the
confidential informant was error; a division which I fear is a catalyst for
continuing division in subsequent but somewhat related proceedings.  See
Long v. State, 137 S.W.3d 726 (Tex. App.—Waco 2004, pet. ref’d)
(manufacture of methamphetamine); In re Carl Long, No. 10-01-203-CV
(Tex. App.—Waco July 25, 2001, orig. proceeding) (not designated for
publication) (Long attempted to mandamus the district clerk to prepare and file
a clerk’s record relevant to his appeal.); Long v. Phillips, No. 10-04-00109-CV,
2004 Tex. App. LEXIS 6081 (Tex. App.—Waco July 7, 2004, no pet.) (mem. op.)
(Long attempted to file suit against two attorneys.  The trial court signed an
order directing the district clerk not to file the lawsuit, and Long
appealed.); Long v. Tanner, 170 S.W.3d 752 (Tex. App.—Waco 2005, pet.
denied) (After his conviction for manufacture of methamphetamine, Long filed
suit against the lead criminal investigator in the case alleging fraud,
violation of equal protection and due process, perjury, and aggravated
perjury.  The trial court dismissed Long’s suit as frivolous.); and Long v.
Batchelor, No. 10-04-00161-CV, 2005 Tex. App. LEXIS 5704 (Tex. App.—Waco July 20, 2005, no pet.) (mem. op.) (After his conviction for manufacture of
methamphetamine, Long sued the district attorney alleging fraud, prosecutorial
misconduct, concealment of the truth, tampering with evidence, and withholding
of favorable evidence.  The trial court dismissed Long’s suit as frivolous.).

 





[2] 
Long has not alleged he tendered the
district court filing fee or established his indigence.  If he alleges his
indigence, he will have to comply with Chapter 14 of the Texas Civil Practice
and Remedies Code regarding inmate litigation.  Of course, this proceeding will
be moot if the petition is filed and dismissed for non-compliance with Chapter
14 or on its merits as frivolous under Chapter 14, though this Court refuses to
distinguish the two.  See Long v. Batchelor, No. 10-04-00161-CV, 2005 Tex. App. LEXIS 5704, *6-7 (Tex. App.—Waco July 20, 2005, no pet.) (mem. op.) (Gray, C.J.,
dissenting).  If he does tender the filing fee, Chapter 14 would be
inapplicable and Chapter 13, related to dismissing suits as frivolous, would be
applicable.  Finally, if the trial court determines Long is a vexatious
litigant pursuant to Chapter 11 and has entered a pre-filing order, Long has
failed to show that the administrative judge has granted permission to him to
file his litigation; and the filing by the clerk in that instance would
certainly not be a ministerial act.





[3]
There has been some question whether the
proper remedy is to deny the petition for writ of mandamus or whether the
petition should be dismissed for want of jurisdiction.  This Court has
consistently dismissed petitions for a writ of mandamus when sought to compel
the district clerk to perform an alleged ministerial act.  See In re
Hayes, No. 10-05-00304-CR, 2005 Tex. App. LEXIS 6986 (Tex. App.—Waco Aug.
24, 2005, orig. proceeding) (not designated for publication); In re Perkins,
No. 10-04-00308-CV, 2004 Tex. App. LEXIS 9561 (Tex. App.—Waco Oct. 27, 2004,
orig. proceeding) (mem. op.); In re Owens, No. 10-04-00276-CR, 2004 Tex.
App. LEXIS 9372 (Tex. App.—Waco Oct. 20, 2004, orig. proceeding) (not designated
for publication); In re Long, No. 10-01-00203-CV (Tex. App.—Waco July
25, 2001, orig. proceeding) (not designated for publication); In re Simpson,
997 S.W.2d 939 (Tex. App.—Waco 1999, orig. proceeding).  Regardless of which of
these camps, deny vs. dismiss, ultimately is correct, it is clear that
requesting a response is outside the boundary of either camp.

 





[4]  Inherent in the dismissal of the petition
would be the use of Rule 2 of the Rules of Appellate Procedure to skip over the
problems of the failure to pay the filing fee or establish indigency and the
failure to serve anyone with the petition.  If the majority is going to go
through the procedure of requesting a response, these failures should be
addressed first.