Petition for Writ of Mandamus Dismissed and Opinion filed January 29,
2008








Petition for
Writ of Mandamus Dismissed and
Opinion filed January 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01045-CV

____________

 

IN RE IVO NABELEK, Relator

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I O N








On December 13,
2007, relator Ivo Nabelek filed a petition for writ of mandamus.  See
Tex. Gov=t Code Ann. '22.221 (Vernon
2004); see also Tex. R. App. Proc. 52.  In his petition, relator asks
this court to direct respondent Teresa Chang, Harris County District Clerk, to
file relator=s petition for expungement of criminal records in the
proper district court and to set it for hearing without delay.  According to
allegations contained in relator=s petition for
writ of mandamus, respondent (1) filed relator=s petition for
expungement in the criminal case the records of which relator seeks to have
expunged and (2) advised relator that no action would be taken on the petition
for expungement because such proceeding must be pursued in civil rather than
criminal court.[1]

This court=s power to issue
writs is defined in Section 22.221 of the Texas Government Code.  Section
22.221 grants the courts of appeals the authority to issue (1) writs of
mandamus and other writs necessary to enforce their jurisdiction; (2) writs of
mandamus against a judge of a district or county court in the court of appeals=s district; and
(3) writs of habeas corpus under specifically defined circumstances involving
contempt orders in civil cases.  Tex. Gov=t Code '22.221 (Vernon
2004). Relator has not claimed or shown that the relief requested is necessary
to enforce the jurisdiction of our court, and we are not otherwise authorized
to issue writs of mandamus against clerks of court.  See In re Dunn, 120
S.W.3d 913 (Tex. App.CTexarkana 2003, orig. proceeding); see
also In re Bernard, 993 S.W.2d 453, 454 (Tex. App.CHouston [1st
Dist.] 1999, orig. proceeding) (O=Connor, J.,
concurring).  This proceeding is, therefore, dismissed for lack of
jurisdiction.

 

PER CURIAM

 

Petition Dismissed and Memorandum Opinion filed January 29,
2008.

Panel consists of Chief Justice Hedges and Justices
Anderson and Boyce.

Do Not Publish B Tex. R. App. Proc. 47.2(b).









[1]  It appears from the incomplete record before us that
relator=s petition for expungement bore the caption of the
351st District Court.  Conceivably, respondent may have believed relator sought
to file a pleading in an existing (albeit closed) case rather than to institute
a new and independent proceeding.