

# IN THE
# TENTH COURT OF APPEALS

————————

## No. 10-08-00167-CV

## IN RE GORDON R. SIMMONDS

————————

## Original Proceeding

---

## DISSENTING OPINION

---

The problem with this proceeding at this time is that there is no one to oppose the requested relief because the real party in interest has never been served and was not asked to file a response. In addition, because of the importance of the issue when inmates sue the State, repeatedly, I would ask for briefing from the Attorney General before proceeding. Accordingly, I dissent.

I note that there are a number of problems in this proceeding. The most fundamental problem, as mentioned above, is that the real party in interest, the only individual with a vested interest in the outcome, was never served with the petition. And even though the issue was raised when the Court requested a response, the issue was not addressed because, as the Court notes, the request for a response was made of only the Respondents. In this dissenting opinion, I am not going to even try to discuss

what should be other procedural impediments to granting relief, such as the appendix and record were not served on the Respondents. And because the procedural problems overshadow the merits review, I will only address the merits in footnotes in this opinion.

This is primarily a mandamus proceeding to compel a district clerk to file a new case in Walker County.[1] Simmonds, the relator, already has an appeal pending of the trial court's dismissal of a different suit as frivolous. *Simmonds v. TDCJ-ID*, No. 10-07-00361 (the "TDCJ-ID suit"). The TDCJ-ID suit was dismissed as frivolous. Simmonds wants to file a new suit in the trial court against Todd ("new suit") before his appeal from the dismissal of the TDCJ-ID suit as frivolous is finished. One of the issues the

---

[1] The Court discusses the writ of prohibition and the writ of mandamus against Judge McAdams. The Court's conditional writ is actually issued against Judge McAdams for his purported failure to accept the filing of an original petition and failure to "forthwith transmit" it to the office of the clerk under Texas Rule of Civil Procedure 74. Neither Simmonds nor the Court notes the entirely discretionary nature of a trial court's acceptance of filing under Rule 74. That rule states:

> The filing of pleadings, other papers, and exhibits as required by these rules shall be made by filing them with the clerk of the court, except the judge *may* permit the papers to be filed with him …. (emphasis added)

TEX. R. CIV. P. 74. Being a purely discretionary matter, it is wholly improper to hold that the trial court abused its discretion by not allowing the filing to be made directly with the trial court. In recognition of this problem, Simmonds notes in this petition for writ of mandamus that the papers he sent to Judge McAdams "… actually amounted to a petition for writ of mandamus directing the clerk to accept and file the petition." Thus, Simmonds has recognized the proper method to get the actions of the clerk and trial court reviewed. If the clerk will not act, then file a mandamus with the trial court. *In re Bernard*, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring). If the trial court denies the requested relief, then appeal the denial. *See Anderson v. Seven Points*, 806 S.W.2d 791, 792 (Tex. 1991). If the trial court refuses to file the mandamus, file a mandamus with the court of appeals to compel the trial court to accept the filing of the mandamus. *Bernard*, 933 S.W.2d at 455. If the trial court files the mandamus but refuses to rule on it, then file a mandamus with the court of appeals to compel the trial court to rule. *White v. Reiter*, 640 S.W.2d 586, 593-94 (Tex. Crim. App. 1982). If the trial court denies the requested relief, then appeal the denial. *See Anderson*, 806 S.W.2d at 792. Thus, because there is another adequate remedy at law, the mandamus to compel the trial court to accept the *filing* of Simmonds's new suit should be denied. Further, it certainly should not be conditionally granted when there is absolutely nothing in the record before us to indicate that the trial court was ever advised of the need to rule. *See In re Minnfee*, No. 07-08-0416-CV, 2008 Tex. App. LEXIS 7982 (Tex. App.—Amarillo Oct. 21, 2008, orig. proceeding) (If the record does not affirmatively show that the trial court was aware of the need to take some action, mandamus to compel the action is improper. Correspondence addressed to the trial court, alone, is inadequate to establish the trial court's awareness of the need to act.).

Court purports to decide is that as long as the frivolous finding is not final for *all* purposes, the inmate cannot be prohibited from filing additional proceedings. The Court recognizes that this determination is not necessary to its decision but addresses it anyway because it is the "larger issue." Thus, this purported holding is dicta. But based on the Court's holding, inmates will be able to load up the trial court with new proceedings, frivolous or not, while the dismissal of a proceeding which has already been determined to be frivolous is being appealed.[2]

The Court addresses the no-service-on-the-real-party-in-interest issue by taking the position that Todd, a named defendant who has not been served with process in the new suit, is not a party to this proceeding. *See* Opinion footnote 1. The Court's position is contrary to the Rules of Appellate Procedure. This is an original proceeding. It is not an appeal. The parties to an original proceeding are defined by the Rules of Appellate Procedure.

---

[2]   This prohibition against filing new proceedings is a consequence of an inmate's own action, and we should not give inmates, what is in effect, a supersedeas of the bar to filing additional proceedings without the advance payment of cost. Further, the Court's reading of Texas Civil Practice and Remedies Code § 14.007(a)(2) is too narrow. In the TDCJ-ID suit, the trial court rendered a final judgment, which affirms that the trial court dismissed the suit because it determined the suit was frivolous. The purpose of the statute is so that there would be no question as to the ground or basis for the trial court's dismissal. If the Legislature had intended the result now determined by the Court, it is more likely the Legislature would have used a phrase referencing the issuance of an appellate mandate, which is the act which finalizes the appellate court's judgment upon review of the trial court's dismissal as being frivolous. Under the Court's interpretation of the statute, an inmate would never be barred from subsequently filing new proceedings if no appeal were taken from the frivolous suit determination because there would never be a final order that "affirms" the trial court's dismissal as frivolous. And to avoid that "absurd" result, the Court is willing to give the statute one meaning if there is an appeal and another meaning if there is not. It cannot have two meanings. I believe the Legislature was simply saying it must be clear that the trial court's dismissal of the suit was because the trial court had determined the suit to be frivolous as opposed to being dismissed for some other failure to comply with Chapter 14. The construction given to the statute by the Court, however, acts as a statutorily granted supersedeas of the trial court's determination and judgment. Given that unless a judgment for money is superseded by the judgment debtor, a judgment creditor can proceed to execute on the debtor's property, including having it sold to satisfy the judgment, it seems odd that the Legislature would grant an inmate this form of supersedeas since the purpose is to prevent further filings by the inmate.

The party seeking relief is the relator. In original proceedings other than habeas corpus, the person against whom relief is sought—whether a judge, court, tribunal, officer, or other person—is the respondent. A person whose interest would be directly affected by the relief sought is a real party in interest and a party to the case.

TEX. R. APP. P. 52.1

Based upon the petition and exhibits filed in this original proceeding, Todd is also an inmate in the Texas Department of Criminal Justice-Institutional Division. The suit has not been filed against Todd because Simmonds had another proceeding against employees of the Texas Department of Criminal Justice-Institutional Division dismissed as frivolous. Simmonds has therefore been prohibited from filing new suits until the cost from his prior frivolous proceeding has been paid.[3] If, however, the Court's conditional writ is complied with, or if the writ is issued, a suit against Todd will be filed and he will thus become the defendant in another proceeding, a civil suit for a protective order and damages. Thus Todd's "interest would be directly affected by the relief sought" by Simmonds in this original mandamus proceeding. *Id*. By definition, that makes Todd "a party to the case" and that case is this original proceeding. *Id*. Todd has not been served in this original proceeding. He should be served.

The Court tries to avoid this problem by redefining direct and indirect interest. The Court, in footnote 1, takes the position that the Respondent District Clerk, who is being deprived of the payment of fees and cost, is the only person with a direct interest in this proceeding. The Court cites no authority for that proposition. The Court's view

---

[3] I note that subsequent to the trial court's order in the TDCJ-ID suit, Simmonds filed a number of post judgment documents with the trial court clerk, including a notice of appeal. All these documents were filed by the trial court clerk in the TDCJ-ID suit after the trial court clerk had notified Simmonds that due to the frivolous suit determination and dismissal, he could not file anything else in that office.

of an interest that is directly affected by this mandamus proceeding is too narrow. Upon the filing of the suit as a direct and immediate result of the granting of the relief in this proceeding, Todd will become the defendant in a civil suit. That suit *will* be *immediately* filed *against Todd* if the Court grants the relief requested in this proceeding. Being named as a defendant in civil litigation is a direct adverse consequence and that remains so even before service is accomplished in the new suit. And because of the limitless scope of the Court's holding, Simmonds will be able to pursue Todd without the advance payment of cost; so service will be accomplished at the taxpayer's expense. And while service may bring Todd closer to an adverse *consequence* in the litigation, just the fact that he will be a named defendant in a civil proceeding immediately upon the filing of the suit by the Respondent District Clerk means that the relief being granted directly affects Todd. Further, the rule is quiet clear. There is no suggestion in the rules that the same person or entity in a single capacity could properly occupy both positions, respondent and real party in interest.

Alternatively, if Todd is not the real party in interest, then the real parties in interest would be the persons on whose behalf the fees, cost, and expenses are to be collected. *See generally* TEX. GOV'T CODE ANN. § 51.317, et seq. (Vernon 2005 & Vernon Supp. 2008). The District Clerk is not collecting fees for her treasury. Because the filing fees, court cost, and expenses when collected as a part of the fees, cost, and expenses are paid to various persons and funds, including the county, to reimburse the defendants in the TDCJ-ID frivolous suit for fees they have paid, the court reporter, the sheriff, etc., each of those persons would become, under the Court's rationale (with which I do not

agree), directly affected by the collection of court cost, fees, and expenses owed by Simmonds in either the new suit or the TDCJ-ID suit which was dismissed as frivolous. (It is not clear which deprivation of fees and cost that the clerk is not collecting is being referred to by the Court; those not paid in the new suit, or those not paid in the TDCJ-ID suit). Under the Court's rationale, they are the real parties in interest and have not been served, nor has a response been requested from them.

And because of the way Chapter 14 dismissals operate, I also contend that we should seek briefing from the Attorney General on the issues presented in this mandamus proceeding. Chapter 14 of the Civil Practice and Remedies Code deals with litigation by inmates who file affidavits of indigence seeking to pursue litigation without the advance payment of cost. In Chapter 14 proceedings, the trial court can dismiss the proceeding as being frivolous or as failing to comply with the requirements of indigent inmate litigation before the defendant to the suit is served. This presents some challenges to us on appeal because frequently there is no appellee to respond or to challenge the claims and allegations of the appellant.

Our adversarial system is founded on two competing parties challenging the other and presenting arguments in support of their respective positions. In many of the appeals of suits under Chapter 14 of the Civil Practice and Remedies Code that are dismissed before the defendant is served, the prospective defendant is an employee of the State of Texas. It is not uncommon, therefore, for the State's attorney, the Attorney General of the State of Texas, to file an Amicus Curiae brief to present the opposing arguments. Because the issue being decided by this Court will require that all suits

tendered for filing by an inmate that are presented to the trial court clerks anywhere in the State by an inmate who is also pursuing an appeal of a frivolousness determination will all have to be filed until the appeal is final, I would like to have some help briefing the issue by someone whose interest will be adversely affected by the Court's ruling or who is charged with protection of the interests they are employed to protect. Thus, I would specifically request briefing on the issue from the Attorney General. The Court did not.

So the Court, unencumbered by anyone that has an interest in opposing what the Court is doing, or by any other form of judicial restraint, proceeds to decide issues that are not necessary for the disposition of this proceeding but could, nevertheless, burden this Court, and this State, for years because of the sheer number of inmates that are housed in prisons in this judicial district.

I could spend a lot of time and effort explaining the many other problems in this proceeding. But there is no one to proceed to take these issues to the next level and get them corrected because the real party in interest does not even know that this proceeding is occurring. On the record before us, I would deny the petition. I join no part of the manner in which this proceeding has been developed, the opinion, or the judgment. Accordingly, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed November 26, 2008