IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00167-CV

 

In re
Gordon R. Simmonds

 

 



Original Proceeding

 



DISSENTING Opinion



 








            The problem with this proceeding at
this time is that there is no one to oppose the requested relief because the real
party in interest has never been served and was not asked to file a response. 
In addition, because of the importance of the issue when inmates sue the State,
repeatedly, I would ask for briefing from the Attorney General before
proceeding.  Accordingly, I dissent.

            I note that there are a number of
problems in this proceeding.  The most fundamental problem, as mentioned above,
is that the real party in interest, the only individual with a vested interest
in the outcome, was never served with the petition.  And even though the issue
was raised when the Court requested a response, the issue was not addressed
because, as the Court notes, the request for a response was made of only the
Respondents.  In this dissenting opinion, I am not going to even try to discuss
what should be other procedural impediments to granting relief, such as the
appendix and record were not served on the Respondents.  And because the
procedural problems overshadow the merits review, I will only address the
merits in footnotes in this opinion.

            This is primarily a mandamus
proceeding to compel a district clerk to file a new case in Walker County.[1] 
Simmonds, the relator, already has an appeal pending of the trial court’s
dismissal of a different suit as frivolous.  Simmonds v. TDCJ-ID, No. 10-07-00361 (the “TDCJ-ID suit”).  The TDCJ-ID suit was dismissed as frivolous.  Simmonds wants
to file a new suit in the trial court against Todd (“new suit”) before his
appeal from the dismissal of the TDCJ-ID suit as frivolous is finished.  One of
the issues the Court purports to decide is that as long as the frivolous
finding is not final for all purposes, the inmate cannot be prohibited
from filing additional proceedings.  The Court recognizes that this
determination is not necessary to its decision but addresses it anyway because
it is the “larger issue.”  Thus, this purported holding is dicta.  But based on
the Court’s holding, inmates will be able to load up the trial court with new
proceedings, frivolous or not, while the dismissal of a proceeding which has
already been determined to be frivolous is being appealed.[2]

            The Court addresses the
no-service-on-the-real-party-in-interest issue by taking the position that
Todd, a named defendant who has not been served with process in the new suit,
is not a party to this proceeding.  See Opinion footnote 1.  The Court’s
position is contrary to the Rules of Appellate Procedure.  This is an original
proceeding.  It is not an appeal.  The parties to an original proceeding are
defined by the Rules of Appellate Procedure.

The party seeking relief is the relator.  In
original proceedings other than habeas corpus, the person against whom relief
is sought—whether a judge, court, tribunal, officer, or other person—is the
respondent.  A person whose interest would be directly affected by the relief
sought is a real party in interest and a party to the case.

 

Tex. R. App. P. 52.1

            Based upon the petition and exhibits
filed in this original proceeding, Todd is also an inmate in the Texas
Department of Criminal Justice-Institutional Division.  The suit has not been
filed against Todd because Simmonds had another proceeding against employees of
the Texas Department of Criminal Justice-Institutional Division dismissed as
frivolous.  Simmonds has therefore been prohibited from filing new suits until
the cost from his prior frivolous proceeding has been paid.[3] 
If, however, the Court’s conditional writ is complied with, or if the writ is
issued, a suit against Todd will be filed and he will thus become the defendant
in another proceeding, a civil suit for a protective order and damages.  Thus
Todd’s “interest would be directly affected by the relief sought” by Simmonds
in this original mandamus proceeding.  Id.  By definition, that makes
Todd “a party to the case” and that case is this original proceeding.  Id.  Todd has not been served in this original proceeding.  He should be served.

            The Court tries to avoid this problem
by redefining direct and indirect interest.  The Court, in footnote 1, takes
the position that the Respondent District Clerk, who is being deprived of the
payment of fees and cost, is the only person with a direct interest in this
proceeding.  The Court cites no authority for that proposition.  The Court’s
view of an interest that is directly affected by this mandamus proceeding is
too narrow.  Upon the filing of the suit as a direct and immediate result of
the granting of the relief in this proceeding, Todd will become the defendant
in a civil suit.  That suit will be immediately filed against
Todd if the Court grants the relief requested in this proceeding.  Being
named as a defendant in civil litigation is a direct adverse consequence and
that remains so even before service is accomplished in the new suit.  And
because of the limitless scope of the Court’s holding, Simmonds will be able to
pursue Todd without the advance payment of cost; so service will be
accomplished at the taxpayer’s expense.  And while service may bring Todd
closer to an adverse consequence in the litigation, just the fact that
he will be a named defendant in a civil proceeding immediately upon the filing
of the suit by the Respondent District Clerk means that the relief being
granted directly affects Todd.  Further, the rule is quiet clear.  There is no
suggestion in the rules that the same person or entity in a single capacity could
properly occupy both positions, respondent and real party in interest.

            Alternatively, if Todd is not the real
party in interest, then the real parties in interest would be the persons on
whose behalf the fees, cost, and expenses are to be collected.  See generally
Tex. Gov’t Code Ann. § 51.317, et
seq. (Vernon 2005 & Vernon Supp. 2008).  The District Clerk is not
collecting fees for her treasury.  Because the filing fees, court cost, and
expenses when collected as a part of the fees, cost, and expenses are paid to
various persons and funds, including the county, to reimburse the defendants in
the TDCJ-ID frivolous suit for fees they have paid, the court reporter, the
sheriff, etc., each of those persons would become, under the Court’s rationale
(with which I do not agree), directly affected by the collection of court cost,
fees, and expenses owed by Simmonds in either the new suit or the TDCJ-ID suit which
was dismissed as frivolous.  (It is not clear which deprivation of fees and
cost that the clerk is not collecting is being referred to by the Court; those
not paid in the new suit, or those not paid in the TDCJ-ID suit).  Under the
Court’s rationale, they are the real parties in interest and have not been
served, nor has a response been requested from them.

            And because of the way Chapter 14
dismissals operate, I also contend that we should seek briefing from the
Attorney General on the issues presented in this mandamus proceeding.  Chapter
14 of the Civil Practice and Remedies Code deals with litigation by inmates who
file affidavits of indigence seeking to pursue litigation without the advance
payment of cost.  In Chapter 14 proceedings, the trial court can dismiss the
proceeding as being frivolous or as failing to comply with the requirements of
indigent inmate litigation before the defendant to the suit is served.  This
presents some challenges to us on appeal because frequently there is no
appellee to respond or to challenge the claims and allegations of the appellant. 


            Our adversarial system is founded on
two competing parties challenging the other and presenting arguments in support
of their respective positions.  In many of the appeals of suits under Chapter
14 of the Civil Practice and Remedies Code that are dismissed before the
defendant is served, the prospective defendant is an employee of the State of
Texas.  It is not uncommon, therefore, for the State’s attorney, the Attorney
General of the State of Texas, to file an Amicus Curiae brief to present the
opposing arguments.  Because the issue being decided by this Court will require
that all suits tendered for filing by an inmate that are presented to the trial
court clerks anywhere in the State by an inmate who is also pursuing an appeal
of a frivolousness determination will all have to be filed until the appeal is
final, I would like to have some help briefing the issue by someone whose
interest will be adversely affected by the Court’s ruling or who is charged
with protection of the interests they are employed to protect.  Thus, I would
specifically request briefing on the issue from the Attorney General.  The
Court did not.

            So the Court, unencumbered by anyone
that has an interest in opposing what the Court is doing, or by any other form
of judicial restraint, proceeds to decide issues that are not necessary for the
disposition of this proceeding but could, nevertheless, burden this Court, and
this State, for years because of the sheer number of inmates that are housed in
prisons in this judicial district.  

            I could spend a lot of time and effort
explaining the many other problems in this proceeding.  But there is no one to
proceed to take these issues to the next level and get them corrected because
the real party in interest does not even know that this proceeding is
occurring.  On the record before us, I would deny the petition.  I join no part
of the manner in which this proceeding has been developed, the opinion, or the
judgment.  Accordingly, I respectfully dissent.

 

                                                                        TOM GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed November 26, 2008









[1]
   The Court discusses the writ of
prohibition and the writ of mandamus against Judge McAdams.  The Court’s
conditional writ is actually issued against Judge McAdams for his purported
failure to accept the filing of an original petition and failure to “forthwith
transmit” it to the office of the clerk under Texas Rule of Civil Procedure
74.  Neither Simmonds nor the Court notes the entirely discretionary nature of
a trial court’s acceptance of filing under Rule 74.  That rule states:

The filing of pleadings, other papers, and
exhibits as required by these rules shall be made by filing them with the clerk
of the court, except the judge may permit the papers to be filed with
him ….  (emphasis added)

Tex. R. Civ. P. 74.  Being a purely discretionary matter, it is
wholly improper to hold that the trial court abused its discretion by not
allowing the filing to be made directly with the trial court.  In recognition
of this problem, Simmonds notes in this petition for writ of mandamus that the
papers he sent to Judge McAdams “… actually amounted to a petition for writ of
mandamus directing the clerk to accept and file the petition.”  Thus, Simmonds
has recognized the proper method to get the actions of the clerk and trial
court reviewed.  If the clerk will not act, then file a mandamus with the trial
court.  In re Bernard, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st
Dist.] 1999, orig. proceeding) (O’Connor, J., concurring).  If the trial court
denies the requested relief, then appeal the denial.  See Anderson v. Seven Points, 806 S.W.2d 791, 792 (Tex. 1991).  If the trial
court refuses to file the mandamus, file a mandamus with the court of appeals
to compel the trial court to accept the filing of the mandamus.  Bernard,
933 S.W.2d at 455.  If the trial court files the mandamus but refuses to rule
on it, then file a mandamus with the court of appeals to compel the trial court
to rule.  White v. Reiter, 640 S.W.2d 586, 593-94 (Tex. Crim. App. 1982). 
If the trial court denies the requested relief, then appeal the denial.  See
 Anderson, 806 S.W.2d at 792.  Thus, because there is another adequate
remedy at law, the mandamus to compel the trial court to accept the filing
of Simmonds’s new suit should be denied.  Further, it certainly should not be
conditionally granted when there is absolutely nothing in the record before us
to indicate that the trial court was ever advised of the need to rule.  See
In re Minnfee, No. 07-08-0416-CV, 2008 Tex. App. LEXIS 7982 (Tex. App.—Amarillo Oct. 21, 2008, orig. proceeding) (If the record does not affirmatively show that the trial court was aware of the need to
take some action, mandamus to compel the action is improper.  Correspondence
addressed to the trial court, alone, is inadequate to establish the trial
court’s awareness of the need to act.).





[2]   This prohibition against
filing new proceedings is a consequence of an inmate’s own action, and we
should not give inmates, what is in effect, a supersedeas of the bar to filing
additional proceedings without the advance payment of cost.  Further, the
Court’s reading of Texas Civil Practice and Remedies Code § 14.007(a)(2) is too
narrow.  In the TDCJ-ID suit, the trial court rendered a final judgment, which
affirms that the trial court dismissed the suit because it determined the suit
was frivolous.  The purpose of the statute is so that there would be no
question as to the ground or basis for the trial court’s dismissal.  If the
Legislature had intended the result now determined by the Court, it is more
likely the Legislature would have used a phrase referencing the issuance of an
appellate mandate, which is the act which finalizes the appellate court’s
judgment upon review of the trial court’s dismissal as being frivolous.  Under
the Court’s interpretation of the statute, an inmate would never be barred from
subsequently filing new proceedings if no appeal were taken from the frivolous
suit determination because there would never be a final order that “affirms”
the trial court’s dismissal as frivolous.  And to avoid that “absurd” result,
the Court is willing to give the statute one meaning if there is an appeal and
another meaning if there is not.  It cannot have two meanings.  I believe the
Legislature was simply saying it must be clear that the trial court’s dismissal
of the suit was because the trial court had determined the suit to be frivolous
as opposed to being dismissed for some other failure to comply with Chapter
14.  The construction given to the statute by the Court, however, acts as a
statutorily granted supersedeas of the trial court’s determination and
judgment.  Given that unless a judgment for money is superseded by the judgment
debtor, a judgment creditor can proceed to execute on the debtor’s property,
including having it sold to satisfy the judgment, it seems odd that the
Legislature would grant an inmate this form of supersedeas since the purpose is
to prevent further filings by the inmate.





[3]
  I note that subsequent to the trial
court’s order in the TDCJ-ID suit, Simmonds filed a number of post judgment
documents with the trial court clerk, including a notice of appeal.  All these
documents were filed by the trial court clerk in the TDCJ-ID suit after the
trial court clerk had notified Simmonds that due to the frivolous suit
determination and dismissal, he could not file anything else in that office.








cannot fulfill the requirement of typicality. Accordingly, the court
abused its discretion by certifying the suit as a class action. We sustain the Defendants’ fifth
point.
      We reverse the class certification order and remand this cause for further proceedings. See
Becton Dickinson and Co. v. Usrey, 57 S.W.3d 488, 498 (Tex. App.—Fort Worth 2001, no pet.).
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reverse and remand
Opinion delivered and filed December 31, 2002
Publish
[CV06]