IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00085-CR

 

In
re Geraldo Rubi Mendez

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Geraldo Mendez, a state prison
inmate proceeding pro se, seeks a writ of mandamus against Respondent, the
Honorable Mike Freeman, Judge of the County Court of McLennan County, and
Respondent Andy Harwell, County Clerk of McLennan County, on the ground that they
will not return a cash bond to him in accordance with article 17.02 of the Code
of Criminal Procedure.[1] 
Mendez alleges that he deposited a $2,000 cash bond on a misdemeanor charge for
possession of marijuana and that he pleaded guilty and was sentenced for time
served.  He claims that because he complied with his bond condition by
appearing before the trial court and pleading guilty, he is entitled to have
his cash bond refunded.  See Op. Tex. Att’y Gen. No. JC-0024 (1999) (If
the defendant complies with the conditions of the bond, and upon court order,
the bond funds must be returned to the defendant.).

Mendez’s application for writ of
mandamus has several procedural errors and deficiencies.  First, it is
accompanied by a motion for leave to file the application, which we dismiss as
moot because such a motion for leave is not necessary under Texas Rule of
Appellate Procedure 52.  Second, the proof of service is defective because it
reflects service on the Clerk of this Court; it apparently has not been served
on the Respondents.[2] 
Third, Mendez has not filed with his application the required record.[3]

We will grant mandamus relief if there
has been an abuse of discretion and the relator has no adequate remedy by
appeal.  In re Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial judge has a reasonable time to perform the
ministerial duty of considering and ruling on a motion properly filed and
before the judge.  In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.—Amarillo 2001, orig. proceeding); In re Martinez Ramirez,
994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding).  But
that duty generally does not arise until the movant has brought the motion to
the trial judge’s attention, and mandamus will not lie unless the movant makes
such a showing and the trial judge then fails or refuses to rule within a
reasonable time.  See Chavez, 62 S.W.3d at 228.

In this proceeding, Mendez has not shown
with a record that he has filed a motion or other proper request with the trial
court for the return of his cash bond,[4]
nor has he shown with a record that he has brought such a motion or request to the
attention of the respondent trial judge and that a reasonable time has passed
for the trial judge to have failed or refused to rule.  See Steinbeck,
2009 WL 238263, at 1-2.  Thus, we cannot say
that the respondent trial judge has abused his discretion.  Cf. In re
Nabelek, No. 10-06-00241-CV, 2007 WL 416396 (Tex. App.—Waco Feb. 7, 2007,
orig. proceeding) (mem. op. on reh’g).

As for the requested mandamus relief
against the respondent county clerk, we do not have jurisdiction to issue a
writ of mandamus against a county clerk except to protect our jurisdiction.  See
Tex. Gov’t Code Ann. § 22.221(b)
(Vernon 2004); In re Bernard, 993 S.W.2d 453, 454 (Tex. App.—Houston
[1st Dist.] 1999, orig. proceeding).  Mendez’s application does not allege
facts that require us to protect our jurisdiction, so we do not have
jurisdiction to decide his petition for writ of mandamus against the County Clerk.  We dismiss the petition as to the County Clerk for want of jurisdiction.

            The petition (application) for
writ of mandamus is denied in part and dismissed in part.

 

REX D. DAVIS

Justice

 

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied in part and dismissed in part; motion for leave dismissed as moot

Opinion
delivered and filed April 8, 2009

Do
not publish

[CR25]








 









[1] Article 17.02 provides:  “A ‘bail bond’
is a written undertaking entered into by the defendant and his sureties for the
appearance of the principal therein before some court or magistrate to answer a
criminal accusation; provided, however, that the defendant upon execution of
such bail bond may deposit with the custodian of funds of the court in which
the prosecution is pending current money of the United States in the amount of
the bond in lieu of having sureties signing the same.  Any cash funds
deposited under this Article shall be receipted for by the officer receiving
the same and shall be refunded to the defendant if and when the defendant
complies with the conditions of his bond, and upon order of the court.”  Tex. Code Crim. Proc. Ann. art. 17.02
(Vernon 2005) (emphasis added).





[2] A copy of all
documents presented to the Court must be served on all parties to the
appeal and must contain proof of service.  Tex.
R. App. P. 9.5.  Proof of service may be in the form of either an
acknowledgement of service by the person served or a certificate of service.  Id. at (d).  A certificate of service must be signed by the person who made the
service, and must state (1) the date and manner of service, (2) the name and
address of each person served, and (3) if the person served is a party’s
attorney, the name of the party represented by that attorney.  Id. at (e).  To expedite this matter, we implement Rule of Appellate Procedure 2 to
suspend Rule 9.5’s proof-of-service requirement.

 





[3] A relator must file “(1) a certified or
sworn copy of every document that is material to the relator’s claim for relief
and that was filed in any underlying proceeding; and (2) a properly authenticated
transcript of any relevant testimony from any underlying proceeding, including
any exhibits offered in evidence, or a statement that no testimony was adduced
in connection with the matter complained.”  Tex.
R. App. P. 52.7.  To expedite this matter, we implement Rule of
Appellate Procedure 2 to suspend in part Rule 52.7’s record requirement and
proceed to the merits of his application.  See, e.g., In re Steinbeck,
No. 10-08-00435-CV, 2009 WL 238263 (Tex. App.—Waco Jan. 21, 2009, orig. proceeding) (mem. op.).





[4] Article 17.02 requires a court order
for a refund of the cash bond if the defendant complied with the bond
conditions.  See Tex. Code Crim.
Proc. Ann. art. 17.02.  That language would appear to imply that a
motion or other proper request is appropriate before the court orders, or
refuses to order, a refund.