# NO. 12-09-00229-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| *IN RE: JIMMY RAY RIGSBY,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

---

### *MEMORANDUM OPINION*

Relator, Jimmy Ray Rigsby, seeks a writ of mandamus against Respondent, the Honorable Reba D. Squyres, District Clerk of Angelina County, Texas, directing her to file his petition for expunction of records pursuant to Texas Code of Criminal Procedure, article 55.01. We deny the writ.

The district clerk has a ministerial duty to accept and file all pleadings presented for filing. *In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.–Waco 2008, orig. proceeding); *In re Bernard*, 993 S.W.2d 453, 454 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring). But a court of appeals has no authority to issue writs of mandamus against a district clerk except to protect its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004) (providing that each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court); *see also* TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon 2004) (providing that each court of appeals may issue writs of mandamus against a judge of a district or county in the court of appeals district).

Here, Relator alleges that Respondent failed to file the documents he presented for filing, including a petition for expunction.[1]  However, he does not contend, and we cannot conclude, that Respondent has interfered with this court's jurisdiction.  Therefore, we are without jurisdiction to consider Relator's petition. *See **In re Bernard***, 993 S.W.2d at 454.  Accordingly, Relator's petition for writ of mandamus is ***dismissed***.


    **SAM GRIFFITH**
Justice


Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

---

[1] Attached to Relator's mandamus petition are what appear to be copies of the documents Respondent returned to him.  Although the file mark is almost illegible, we can see that the documents have been stamped "filed."  Relator points out that there is no signature of the clerk and no handwritten cause number on the returned documents.  However, there is a handwritten initial beside the file mark, which is a common manner of identifying the deputy clerk who processed the document for filing.  Consequently, we cannot say that Respondent did not file Relator's documents.