

# IN THE
# TENTH COURT OF APPEALS

————————————

## No. 10-10-00069-CV

## IN RE PATRICK LEE MULLINS

————————————

## Original Proceeding

---

## MEMORANDUM OPINION

---

Relator Patrick Lee Mullins has filed a petition for writ of mandamus against Robyn Flowers, the District Clerk of Walker County, complaining about her refusal to file his civil lawsuit.[1]

A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk except to protect its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004); *In re Bernard*, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). We do not have jurisdiction to decide Mullins's petition for writ of

---

[1] Mullins tendered the originals of his petition and exhibits. Because of our disposition, we direct the Clerk of the Court to return these originals to Mullins.

mandamus against the District Clerk.[2]  We thus dismiss the petition for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray joins only the judgment, and only to the extent it dismisses the Petition for Writ of Mandamus.  A separate opinion will not issue, but see the dissent to *In re Simmonds* cited in footnote 2.)
Petition dismissed
Opinion delivered and filed March 10, 2010
[OT06]

---

[2] We recently wrote:

> When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing.  TEX. R. CIV. P. 74.  Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading.

*In re Simmonds,* 271 S.W.3d 874, 883 (Tex. App.—Waco 2008, orig. proceeding) (quoting *Bernard,* 993 S.W.2d at 455 (O'Connor, J., concurring)).