**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00721-CR

### IN RE LOYD LANDON SORROW, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 874978

## MEMORANDUM OPINION

On August 15, 2013, relator, Loyd Landon Sorrow, filed a petition for writ of Mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to direct the district clerk to file his application for writ of habeas corpus.

Relator complains that the district clerk failed to file his application and assign it a cause number pursuant to Article 11.072 of the Texas Code of Criminal Procedure.[1] Relator further asserts that, by verified motion, he requested Judge Wallace to instruct the district clerk to file his petition and assign it a file number. Relator states that he mailed his application to district clerk "by certified mail on July 17, 2013," and his verified motion to Judge Wallace by certified mail "on June 22, 2013."[2] Relator states that he received the return receipts from the district clerk on June 21, 2013, and Judge Wallace on July 30, 2013. Therefore, according to relator, the district clerk has had "about 60 days" to file and assign his application a number, and Judge Wallace has had "about 30 days" to direct the court's clerk to file and assign his application a number.[3]

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is

---

[1] *See* Tex. Code Crim. Proc. Ann. art 11.072, § 4(b) (West 2005) ("At the time the application is filed, the clerk of the court shall assign the case a file number ancillary to that of the judgment of conviction or order being challenged.").

[2] Although relator states that he mailed his application to the district clerk on "July 17, 2013," and his verified motion to Judge Wallace on "June 22, 2013," it appears that relator mistakenly switched the mailing date for his application with mailing date for his verified motion.

[3] Justice O'Connor described the procedure to follow when the clerk does not accept a party's document for filing:

> When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading.

*In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring) (internal citation omitted).

a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.207, 210 (Tex. Crim. App. 2007 (orig. proceeding). Relator has not provided a sufficient record in this original proceeding to establish his right to mandamus relief. He has not filed any sworn copies of documents related to his request for relief. *See* Tex. R. App. P. 52.7(k)(1) (requiring relator to file with petition certified or sworn copy of every document that is material to relator's claim for relief).

Relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices Brown, Christopher, Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

3