**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 1, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00787-CR

## IN RE LOYD LANDON SORROW, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 874978**

---

## MEMORANDUM OPINION

On September 9, 2013, relator Loyd Landon Sorrow filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, to direct the district clerk to file his application for writ of habeas corpus.

Relator complains that the district clerk failed to file his application and assign it a cause number pursuant to Article 11.072 of the Texas Code of Criminal

Procedure.[1]  Relator further asserts that, by verified motion, he requested Judge Wallace to instruct the district clerk to file his application and assign it a file number.  Relator states that the district clerk received his application by certified mail on June 17, 2013, and Judge Wallace received his verified motion by certified mail on July 22, 2013.[2]

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Relator has not provided a sufficient record in this original proceeding to establish the right to mandamus relief.  Relator has not attached sworn copies of documents related to his request for relief.  Instead, relator has attached "replicated" copies of documents to his petition, i.e., documents relator has "replicated" in his own handwriting.  *See* Tex. R. App. P.

---

[1] Tex. Code Crim. Proc. Ann. art 11.072, § 4(b) (West 2005).

[2] Justice O'Connor described the procedure to follow when the clerk does not accept a party's document for filing:

> When a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing.  Should the district judge refuse to accept the pleading for filing, this Court would have jurisdiction under our mandamus power to direct the district judge to file the pleading.

*In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring) (internal citation omitted).

52.7(k)(1) (requiring relator to file with petition certified or sworn copy of every document that is material to relator's claim for relief).[3]

Relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel Consists of Justices Brown, McCally, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] We previously denied relator's petition for writ of mandamus in Cause No. 14-13-00721-CR because he did not provide sworn copies of documents related to his request for relief. *See In re Sorrow*, No. 14-13-00721-CR, 2013 WL 4511467 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, orig. proceeding) (mem. op., not designated for publication).