COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN RE: SERGIO GALLARDO, | § | No. 08-16-00099-CR |
|  | § | ORIGINAL PROCEEDING |
| Relator. | § | ON PETITION FOR WRIT OF |
|  | § | MANDAMUS |

## MEMORANDUM OPINION

Relator, Sergio Gallardo, has filed a petition for writ of mandamus against the Honorable Francisco X. Dominguez, Judge of the 205th District Court of El Paso, Texas, and the El Paso County District Clerk. Relator contends that the District Clerk and the trial court have failed to provide him with a free record for use in "perfection of appeal." We deny mandamus relief.

A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. *See* TEX.GOV'T CODE ANN. § 22.221(b)(1) (West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id*. § 22.221(a). Thus, we may issue a writ of mandamus to a district clerk only if he or she interferes with the court's jurisdiction. *See id*. at § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding). Relator does not have any pending appeals before this Court and he has failed to show that the District Clerk has interfered with the Court's appellate jurisdiction. Consequently, we do not have jurisdiction to grant the relief requested with respect to the District Clerk. *See In re Bernard*, 993 S.W.2d 453,

454 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding).

Relator filed this original proceeding to obtain a copy of the appellate record for the stated purpose of pursuing an appeal, but our records reflect that Relator's direct appeal from his convictions concluded in 2005. On February 3, 2005, we issued an opinion and judgment affirming Relator's convictions of aggravated sexual assault of a child and indecency with a child. *See Gallardo v. State*, No. 08-03-00287-CR, 2005 WL 280308 (Tex.App.--El Paso February 3, 2005, pet. ref'd). The Court of Criminal Appeals denied Relator's petition for discretionary review, and our mandate issued on September 16, 2005. Thus, Relator's convictions became final in 2005. A criminal defendant is not entitled to a free copy of the record once he has exhausted his state appeals, absent some compelling, recognized reason. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 693 (Tex.App.--San Antonio 1998, orig. proceeding). Relator has not met the required showing. Accordingly, we deny mandamus relief.

STEVEN L. HUGHES, Justice

June 3, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

- 2 -