**DISMISS; and Opinion Filed February 13, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00078-CV

### IN RE JASON ZENO, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-5136707**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion by Justice Schenck

In this original proceeding, relator asks this Court to issue a writ directing the district clerk

to file a motion for child support modification and a request to proceed in forma pauperis that

relator purportedly sent to the district clerk for filing.

This Court derives its writ powers from section 22.221 of the Texas Government Code,

which states in pertinent part:

(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against:

(1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district;

(2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

(3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge.

TEX. GOV'T CODE ANN. §§ 22.221(a),(b) (West Supp. 2017). The government code does not, however, permit an intermediate appellate court to issue a writ of mandamus directing a district clerk to act unless such a writ is necessary to enforce or protect the appellate court's jurisdiction. *See, e.g., In re Simpson*, 997 S.W.2d 939, 939 (Tex. App.—Waco 1999, orig. proceeding) (dismissing petition for writ of mandamus that sought a writ compelling district clerk to accept a motion for filing). Relator has no appeal pending in this Court and does not offer any explanation for our need to act to protect our prospective jurisdiction. We, therefore, lack writ jurisdiction to direct the conduct of the district clerk. *See, e.g., In re Reese*, No. 05-17-00607-CV, 2017 WL 2610039, at *1 (Tex. App.—Dallas June 16, 2017, orig. proceeding) (dismissing proceeding seeking writ against district clerk for refusing to file documents).

Relator also complains that the district clerk blocked relator's attempt to seek relief from the district court judge. Mandamus relief is available against a trial judge if, after a district clerk improperly refuses to file a party's pleadings, the party seeks appropriate relief from the trial judge and "the trial judge also improperly refuses to order the clerk to file the pleading or improperly refuses to personally file the pleading." *In re Rowe*, No. 05-16-00031-CV, 2016 WL 228840, at *1 (Tex. App.—Dallas Jan. 19, 2016, orig. proceeding) (citing cases). For example, when a court clerk refuses to accept a pleading for filing, the party may file an application for writ of mandamus in the trial court seeking an order from the court directing the clerk to file the pleading or file the pleading directly with the judge through a verified motion explaining that the clerk refused to accept the pleading for filing. *Id.* at *2 (citing *In re Bernard*, 993 S.W.2d 453, 454–55 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J. concurring)). Here, relator has not requested a writ against the district court judge, nor has relator shown that he has sought

appropriate relief directly from the judge prior to his filing here. Although relator states that the district clerk refused to file an application for writ of mandamus in the trial court, relator has not provided this Court with proof of that attempted filing or proof of the district clerk's refusal to file the application. It is relator's burden to bring forth a record showing that he is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). He has not done so in this case.

Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


180078F.P05