

# IN THE
## TENTH COURT OF APPEALS

_____

## No. 10-09-00085-CR

## IN RE GERALDO RUBI MENDEZ

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Relator Geraldo Mendez, a state prison inmate proceeding pro se, seeks a writ of mandamus against Respondent, the Honorable Mike Freeman, Judge of the County Court of McLennan County, and Respondent Andy Harwell, County Clerk of McLennan County, on the ground that they will not return a cash bond to him in accordance with article 17.02 of the Code of Criminal Procedure.[1] Mendez alleges that he deposited a $2,000 cash bond on a misdemeanor charge for possession of marijuana

---

[1] Article 17.02 provides: "A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. _Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court_." TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005) (emphasis added).

and that he pleaded guilty and was sentenced for time served. He claims that because he complied with his bond condition by appearing before the trial court and pleading guilty, he is entitled to have his cash bond refunded. *See* Op. Tex. Att'y Gen. No. JC-0024 (1999) (If the defendant complies with the conditions of the bond, and upon court order, the bond funds must be returned to the defendant.).

Mendez's application for writ of mandamus has several procedural errors and deficiencies. First, it is accompanied by a motion for leave to file the application, which we dismiss as moot because such a motion for leave is not necessary under Texas Rule of Appellate Procedure 52. Second, the proof of service is defective because it reflects service on the Clerk of this Court; it apparently has not been served on the Respondents.[2] Third, Mendez has not filed with his application the required record.[3]

We will grant mandamus relief if there has been an abuse of discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial judge has a reasonable time to perform the ministerial duty of

---

[2] A copy of all documents presented to the Court must be served *on all parties* to the appeal and must contain proof of service. TEX. R. APP. P. 9.5. Proof of service may be in the form of either an acknowledgement of service by the person served or a certificate of service. *Id*. at (d). A certificate of service must be signed by the person who made the service, and must state (1) the date and manner of service, (2) the name and address of each person served, and (3) if the person served is a party's attorney, the name of the party represented by that attorney. *Id*. at (e). To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend Rule 9.5's proof-of-service requirement.

[3] A relator must file "(1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7. To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend in part Rule 52.7's record requirement and proceed to the merits of his application. *See, e.g., In re Steinbeck,* No. 10-08-00435-CV, 2009 WL 238263 (Tex. App.—Waco Jan. 21, 2009, orig. proceeding) (mem. op.).

considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Martinez Ramirez*, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See Chavez*, 62 S.W.3d at 228.

In this proceeding, Mendez has not shown with a record that he has filed a motion or other proper request with the trial court for the return of his cash bond,[4] nor has he shown with a record that he has brought such a motion or request to the attention of the respondent trial judge and that a reasonable time has passed for the trial judge to have failed or refused to rule. *See Steinbeck*, 2009 WL 238263, at 1-2. Thus, we cannot say that the respondent trial judge has abused his discretion. *Cf. In re Nabelek*, No. 10-06-00241-CV, 2007 WL 416396 (Tex. App.—Waco Feb. 7, 2007, orig. proceeding) (mem. op. on reh'g).

As for the requested mandamus relief against the respondent county clerk, we do not have jurisdiction to issue a writ of mandamus against a county clerk except to protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004); *In re Bernard*, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Mendez's application does not allege facts that require us to protect our jurisdiction, so

---

[4] Article 17.02 requires a court order for a refund of the cash bond if the defendant complied with the bond conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 17.02. That language would appear to imply that a motion or other proper request is appropriate before the court orders, or refuses to order, a refund.

we do not have jurisdiction to decide his petition for writ of mandamus against the County Clerk. We dismiss the petition as to the County Clerk for want of jurisdiction.

The petition (application) for writ of mandamus is denied in part and dismissed in part.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petition denied in part and dismissed in part; motion for leave dismissed as moot
Opinion delivered and filed April 8, 2009
Do not publish
[CR25]