IN THE
TENTH COURT OF APPEALS


No. 10-16-00207-CR

IN RE WILLIAM M. WINDSOR

Original Proceeding

CONCURRING OPINION

While I concur with the Court's disposition of this original proceeding, I write separately to discuss Relator William M. Windsor's issues for the benefit of the parties.

Windsor seeks mandamus relief against the Respondent trial-court judge, the Honorable Cindy Ermatinger, Presiding Judge of the 443rd District Court in Ellis County, and against the Ellis County District Clerk, Melanie Reed. The underlying action is a concluded extradition proceeding against Windsor that this Court is quite familiar with. *See generally Ex parte Windsor,* No. 10-14-00401-CR, 2016 WL 192303 (Tex. App.—Waco Jan. 14, 2016, pet. ref'd) (mem. op., not designated for publication).

The extradition proceeding arose out of an arrest warrant for Windsor from Missoula County, Montana. *Id.,* 2016 WL 192303, at *1. Windsor was jailed in Ellis

County, and in the extradition proceeding, on Windsor's application for writ of habeas corpus, Judge Ermatinger granted Windsor a personal-recognizance (PR) bond in the amount of $100,000. *Id.,* 2016 WL 192303, at *4. The order of release and the PR bond had the following conditions: (1) Windsor must turn over his passport; (2) Windsor must reside at a designated hotel in Richardson, Texas; and (3) Windsor must inform the court immediately if he changes his residence. *Id.*

Thereafter, a Texas Governor's warrant issued for Windsor's arrest and extradition to Montana, but Windsor had already left Texas, ostensibly to turn himself in to Montana authorities. *Id.,* 2016 WL 192303, at *4-6. When Windsor failed to appear at the hearing on the State's motion for an emergency hearing and order of surrender, Judge Ermatinger forfeited Windsor's PR bond in a December 30, 2014 judgment nisi.[1] *Id.,* 2016 WL 192303, at *6. While his habeas appeal was pending before us, Windsor filed a notice stating that he had been incarcerated in Idaho and then in Montana, having been arrested in Idaho and then extradited from Idaho to Montana.[2] *Id.*

Despite the conclusion of both the underlying extradition proceeding and the Montana criminal case against Windsor, Windsor has continued to file or allegedly

---

[1] From a companion original proceeding, this Court is aware that there is a pending bond-forfeiture case. *See In re Windsor,* No. 10-16-00206-CR, 2016 WL ----- (Tex. App.—Waco Aug. 31, 2016, orig. proceeding) (mem. op., not designated for publication). And from yet another companion original proceeding, this Court is aware that Windsor was indicted for the offense of bail jumping and that that case was dismissed without prejudice. *See In re Windsor,* No. 10-16-00202-CR, 2016 WL ----- (Tex. App.—Waco Aug. 31, 2016, orig. proceeding) (mem. op., not designated for publication).

[2] From communications and filings from Windsor in his many pending appellate proceedings in this court, *see Windsor v. Round,* --- S.W.3d ---, 2014 WL 7235538 (Tex. App.—Waco 2014, order), this Court is aware that Windsor was tried in Montana.

attempt to file documents in the underlying action, which brings us to the instant original proceeding against the Respondent trial-court judge and the Respondent district clerk.

Windsor's petition asserts three issues. The second issue is Windsor's request for mandamus relief against the district clerk.[3] Windsor alleges that the district clerk is not filing and docketing all of the documents that he has tendered for filing, and he petitions us to order the district clerk to file and docket all of Windsor's tendered documents. A district clerk has a ministerial duty to accept and file all pleadings presented for filing. *In re Bernard,* 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring); *see also DeLeon v. District Clerk,* 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding).

A court of appeals has no jurisdiction to issue a writ of mandamus against a clerk except to protect or enforce its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004); *In re Simmonds,* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *Bernard,* 993 S.W.2d at 454; *see also id.* (O'Connor, J., concurring) ("When a district clerk refuses to accept a pleading presented for filing, the party presenting the document may seek relief by filing an application for writ of mandamus in the district court."). Given Windsor's allegations, this exception is not applicable, and this Court lacks jurisdiction over issue two.

Windsor's first issue seeks mandamus relief against Judge Ermatinger because she has not ruled on the following motions allegedly filed by Windsor: (1) "motion to cancel

---

[3] Windsor's petition lacks proof of service on the district clerk. A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. TEX. R. APP. P. 9.5; 52.2.

hearing or motion for continuance," "sent for filing on December 30, 2014;" (2) "request for return of passport," "sent for filing on January 2, 2015;" and (3) "petition for writ of habeas corpus," "sent for filing on June 1, 2015."[4] All of these documents are included in Windsor's Appendix, along with a "demand for orders on pending motions," allegedly sent for filing on March 25, 2016.[5]

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at

---

[4] Windsor's petition does not explain why he is not seeking the relief that he is requesting in these motions in the active and pending bond-forfeiture case.

[5] None of these four documents is file-marked. Furthermore, Windsor's appendix, which I would treat as his record, is not certified or sworn, as required by Rules 52.3(k) and 52.7(a)(1). *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1).

679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

Windsor bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). I believe that Windsor has not met his burden.

First, Windsor has not shown that the motions at issue have been properly filed; none is file-marked and either certified or sworn to. Second, Windsor has not shown that he has brought the motions to the trial judge's attention; a trial judge's ministerial duty of considering and ruling on a motion properly filed and before the judge generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *Chavez,* 62 S.W.3d at 228. Also, the mere filing of a pleading or letter *with the clerk* does not impute knowledge *to the trial judge. See In re Comeaux,* No. 10-10-00243-CV, 2010 WL 3703662, at *2 (Tex. App.—Waco Sept. 22, 2010, orig. proceeding) (mem. op.) (citing *In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding) (mem. op.)). For these reasons, I would deny Windsor's first issue.

In his third issue, Windsor complains that Judge Ermatinger has failed to return

his passport to him. Because Windsor's "request for return of passport" is one of the motions involved in issue one and has not been ruled on by Judge Ermatinger, I believe that it is not properly before us in this original proceeding, and I would deny issue three on that basis.


REX D. DAVIS
Justice

Concurring opinion delivered and filed August 31, 2016
Do not publish

